[Civil No. 2564. Filed March 14, 1927.]

[253 Pac. 1113.]

J. B. DUNBAR, Appellant, v. H. L. STEIERT, Appellee.

Mr. A. J. Eddy, for Appellant.

Mr. H. H. Baker, for Appellee.

LOCKWOOD, J.—J. B. Dunbar, hereinafter called appellant, brought suit against H. L. Steiert, hereinafter called appellee, to collect a balance of $510 due on a contract between the parties for the purchase of certain garage equipment. Appellee answered, admitting the execution of the contract, and the amount due, but set up as an affirmative defense that appellant, appellee, and one A. R. Miller had entered into an agreement whereby Miller was substituted for appellee as debtor under the contract, and appellee was by appellant released from any liability thereon. The case was tried before a jury, which returned a verdict in favor of appellee. Judgment was duly entered thereon, and, after motion for a new trial was overruled, the matter was brought before us for review.

There are six assignments of error which raise in effect two propositions of law. The first is that the evidence does not support the verdict. On examining the pleadings it is apparent that appellee attempted to set up a novation. In every novation there are four essential requisites. A previous valid obligation; the agreement of all the parties to the new contract; the extinguishment of the old contract; and the validity of the new one. In the case at bar there is no question but that there was an original valid obligation. This obligation was in writing, and was substantially an agreement of purchase and sale of certain personal property on deferred payments; the title, but not the possession, remaining in the vendor

until the property was fully paid for. The contract further provided that, in case there was a default in payments, the vendor might take possession of and sell the property; the vendee paying any deficiency in the contract price arising thereby, and having no option under any circumstances of relieving himself of the obligation to pay the full purchase price. It thus appears that, although the instrument was called a conditional sales contract, it was in effect a definite agreement on the part of the vendee to pay a specific sum; the goods sold being security for the payment of such sum in so far as it could be realized from them on forced sale.

The second requisite of a novation is the agreement of all the parties to the new contract. In a novation of this kind, it was necessary that appellant, appellee and Miller should all agree that Miller would assume the debt of appellee, and that appellant would release the latter from any liability thereon. It was not, however, essential that the assent to, and acceptance of, the terms of the novation should be shown by express words to that effect, but the same might be implied from the facts and circumstances surrounding the transaction and the conduct of the parties thereafter. The evidence on behalf of appellee was to the following effect:

After the sale of the property to appellee he entered into partnership with Miller, and some time later the partnership was dissolved, and by a written agreement Miller assumed the payment of the indebtedness to appellant. Thereafter appellee met appellant, and informed him of the dissolution of the partnership, and that Miller was going to assume the debt, and then, quoting from appellee's testimony:

"I asked Dunbar if he would release me from the note, and he said, 'Go ahead and make the deal'; that he would just as soon have his money from Miller

as me; he told me that right there on Main street, and I made the deal.

"Q. Then Mr. Dunbar told you that he would release you? A. Yes, sir."

Miller testified that he had assumed the Dunbar debt, and had made payments thereon, but not directly to Dunbar, nor did Miller and Dunbar ever get together or discuss the matter in any way.

We are of the opinion that this testimony, if believed by the jury, sufficiently established the new agreement. While it was necessary that all three of the parties should have consented to this new arrangement, we do not think it was required that it must be made in any particular form, or indeed, in express language. The essence of the new contract was the substitution of Miller for appellee as the debtor. Miller agreed to such substitution, appellee agreed to it, and appellant also consented, and, in consideration thereof, released appellee. Nothing more is required. It is true that appellant denied absolutely any such agreement, but this was a matter for the jury to determine under proper instructions. It is urged the old contract was not extinguished. We think it was. Its essential element was the indebtedness of appellee, which was wiped out by the new agreement. Whether or not the original lien on the goods sold was transferred is not material in this case. The new contract was, of course, a valid one.

The other assignments of error refer to the refusal of the court to give certain instructions. We have examined these instructions, and they state the law with substantial accuracy. The court, however, of its own motion, gave instructions which, although differing in language from those asked by appellee, covered their substance. We have held repeatedly that this is sufficient. *Steinfeld & Co.* v. *Wing Wong,*

14 Ariz. 336, 128 Pac. 354; *Title Guarantee Ins. Co.*
v. *Nichols*, 12 Ariz. 405, 100 Pac. 825.

There being no error in the record, the judgment
of the trial court is affirmed.

ROSS, C. J., and McALISTER, J., concur.