[Civil No. 3427.   Filed June 1, 1934.]

[32 Pac. (2d) 1029.]

BUERGER BROTHERS SUPPLY COMPANY, a Corporation, Appellant, v. EL REY FURNITURE COMPANY, a Corporation, Appellee.

Mr. John W. Ross, for Appellant.

Mr. William R. Misbaugh, for Appellee.

LOCKWOOD, J.—This is an appeal from a judgment in favor of El Rey Furniture Company, a corporation, hereinafter called the plaintiff, against Buerger Bros. Supply Company, a corporation, hereinafter called defendant, in the sum of $347.96, with interest and costs.

There is little, if any, dispute as to the facts of the case, and we state them as follows: From the year 1927 until some time in 1932, Frank J. Kuckem was engaged in the barber-shop and beauty parlor busi-

ness in Tucson, Arizona. In October, 1928, he was indebted to various parties, and defendant advanced him $3,000, which was used to pay off certain of the indebtedness, defendant taking an assignment of a mortgage on Kuckem's barber-shop and beauty parlor equipment to secure the indebtedness. Shortly after April 21, 1931, Kuckem moved out of his then location to premises of which Groves-Bryant, Inc., Home Furnishings, hereinafter called the company, was the tenant, and accepted a sublease from it. This sublease was shortly after assigned by the company to the plaintiff herein. In June of that year Kuckem bought some $700 worth of furniture from the company under a conditional sales contract, which was in the usual form. Later on the company also transferred their contract with Kuckem to plaintiff for collection. In January, 1932, Kuckem was in a precarious financial condition and was being· pressed by his local creditors. He laid the situation before defendant, which was his largest creditor, and it wrote him three letters during that month, to whose contents we shall refer as is necessary. In one of these letters was inclosed a check in favor of plaintiff and signed by defendant in the sum of $100. Kuckem took the letter and check to plaintiff and exhibited them to it, and as a result plaintiff accepted the $100 check and, according to the undisputed testimony of its manager, from that time looked only to defendant, and not to Kuckem, for payments of the balance due under its conditional sales contract. The other letters were also exhibited to plaintiff so that it had full knowledge of their contents, and in reliance on these letters, and on the belief that defendant would continue the payments, plaintiff forbore to bring the suit which it had intended to bring against Kuckem to collect the money due it on the contract. In the meantime, and to se-

cure defendant for the moneys which it had agreed to advance to satisfy Kuckem's creditors, the latter gave it a mortgage on all of his shop equipment in the sum of $2,645, which covered the total amount then owed by Kuckem to his local creditors, including the full amount due on the conditional sales contract, which mortgage was duly recorded. However, defendant did not advance the full amount of the mortgage, but only about one-third thereof. Kuckem was unable to make the payments which he had promised on the mortgage given to defendant, and it later brought suit to foreclose it, which suit was pending at the time of the judgment rendered in this action. In the meantime, Kuckem being in arrears in his rent, plaintiff brought suit against him for that amount and claimed a landlord's lien on all his property located on the leased premises. Kuckem failed to answer in this suit, but defendant intervened, claiming a prior lien on at least part of the goods by virtue of the original mortgage for $3,000, which it held. Thereafter this suit was filed by plaintiff against defendant, Kuckem not being a party thereof. The complaint sets up the giving of the conditional sales contract by Kuckem and its assignment to plaintiff, the partial payments thereon, and then alleges as follows:

"That the plaintiff herein insisted upon payments of said contract and threatened suit against the said Frank J. Kuckem, and the defendant herein, in order to avoid suit against the said Frank J. Kuckem and the retaking of said furniture, offered and agreed to pay the balance due on said conditional sales contract.

"That the said Frank J. Kuckem, as agent for the defendant herein, did, during the month of January, 1932, deliver to the plaintiff herein the defendant's check in the sum of One Hundred ($100.00) Dollars to apply on said contract.

"That the said Frank J. Kuckem, in consideration of the defendant assuming and agreeing to pay all sums due and owing on said contract as well as other accounts, did execute and deliver to the defendant herein a certain Chattel Mortgage in the sum of Two Thousand Six Hundred Forty-five and 84/100 ($2645.84) Dollars to said defendant."

This was followed by the usual allegation of demand and failure to pay and the prayer for judgment. The case was tried to the court sitting without a jury, and judgment was rendered in favor of plaintiff as above set forth.

There are three assignments of error, which we consider in their logical rather than numerical order. The first is that plaintiff was estopped from suing on the Kuckem contract because it had theretofore taken possession of the property listed in the contract under a landlord's lien. The record shows that plaintiff had waived its claim against Kuckem under the conditional sales contract, and was proceeding against defendant only, apparently on the theory of a novation. We know of no reason why the holder of a conditional sales contract may not waive his rights to the property thereunder and accept another person as debtor through a novation. In such case, if the creditor also has rights under a landlord's lien, it may enforce them.

The second assignment of error is that the three letters to which we have referred were improperly admitted in evidence because it does not appear that they were authorized by defendant. The letters in question were admittedly written by defendant's vice-president, on its official letter-heads. Since the vice-president of a corporation is presumed to have all the authority of the president, when the latter is not acting, it might well be held that instructions given by him bind his company. But, even though he did not have the original authority to bind it by the offer

made in these letters, the fact that defendant accepted and recorded the mortgage given it by Kuckem as a consideration for such promises would be a ratification by defendant of the offer and acceptance.

We consider then whether the letters, together with the acts of the parties, as shown by the testimony, constitute a novation. In the case of *Dunbar* v. *Steiert,* 31 Ariz. 403, 253 Pac. 1113, we have set forth the requisites of a novation as follows:

" . . . In every novation there are four essential requisites. A previous valid obligation; the agreement of all the parties to the new contract; the extinguishment of the old contract; and the validity of the new one. . . . "

There is no doubt that there was a valid obligation existing between plaintiff and Kuckem on the conditional sales contract.

The next question is whether the three parties agreed to a new contract, substituting defendant as debtor in the place of Kuckem. This involves a consideration of the letters referred to. Under date of January 5th, defendant wrote to Kuckem, stating that it had received his communication regarding his being pressed by creditors, and said:

"We have read your letter very carefully and note what you say regarding some creditors being willing to bear with you and others who are becoming more impatient. May we ask you, for our further information, which one, or more, of the list of creditors you have submitted to us are willing to bear with you and which of those who are bringing more or less pressure to bear upon you. By having such information to hand it would be our desire to try and take care of the creditors who are more anxious in a somewhat quicker method of payment than what you might be able to handle, at the same time taking into consideration such creditors who are willing to be more patient with you and to whom we would likewise be willing to accord payments.

"We are suggesting this for the reason that, and as you may know, the amount you request to take care of all your creditors is a good sum at this time and it is for the reasons as explained in the foregoing that if we can afford satisfactory and agreeable arrangements with these various creditors and thereby permitting you to favor us with your payment of $100.00 per month and interest that this condition and situation which you and your business are in at this time can be properly maneuvered. . . .

"It would further be in keeping if you could tell your various creditors that one or more of our firm will be in your city some time during March and at which time it shall be our purpose to call upon them to effect further arrangements regarding your obligations and as to the balance that may still exist at that time, providing we will have paid some amount to one or the other in the meantime."

The list was evidently sent by Kuckem, for on the 20th of the same month it wrote:

"It shall also be our desire and attention to take care of the indebtedness due the first five creditors as itemized above in this letter by paying them an amount of at least $100.00 or more the fore part or middle of March when one of us will be in Tucson.

"We are likewise accordingly enclosing another chattel mortgage to the amount of $2645.84 with notes attached thereto and which notes are made payable at the rate of $100.00 per month with 8% interest from date until paid. We are making this mortgage out at this time so as to have the security part for the money which is to be paid within the next three or four months properly taken care of. In other words it is the beginning of direct evidence to us for the amount of money which we have already paid such as the checks we are herewith enclosing. . . .

"We therefore feel when you approach these various creditors with these substantial amounts at this time and with the assurance that they will receive the balance in a more assured way now than

previously, that they should be satisfied, in fact, such is to be expected of them, each and every one, before presenting any one of them with their check and which you should ascertain.''

We think the statement just quoted could only be reasonably construed by a creditor seeing them as a promise on the part of the defendant to pay the bill in question; that this was the idea of defendant is confirmed by the following extract from a letter of January 28th:

''We also wish to acknowledge receipts from five respective creditors as paid by you to them with our checks amounting to $603.00 and we are more than pleased to note that these various creditors are taking a more pleasant attitude towards you and are now assured of matters being properly taken care of with your cooperation as well as that of ours.

''We take it for granted inasmuch that these various creditors will not be pressing you directly for payments but will rather be receiving similar payments from us again in the near future, that it is your intention to favor us direct with a payment of at least $100.00 per month for the time being to apply on your principal account in addition to the interest payment which you are to make. We shall be pleased to hear from you further regarding this.''

The writing of these letters by defendant and receipt by Kuckem and the presentation of them by Kuckem to plaintiff, and the acceptance by plaintiff of the $100 check of defendant inclosed in the letter of January 20th, certainly justified the trial court in concluding there was an agreement of all the parties that defendant should assume the obligation of paying the balance due under the conditional sales contract, the consideration therefor being the forbearance on the part of the plaintiff to sue Kuckem. Such an agreement would of course be a legal one. The only remaining requisite of a novation was the

extinguishment of the old contract, and this is established by the uncontradicted testimony of plaintiff's manager that it did not thereafter expect Kuckem to pay anything, but from that time looked to defendant for payment. Such being the case, we think the evidence sufficiently establishes a novation substituting defendant for Kuckem, as debtor under a new contract.

For the foregoing reasons the judgment of the superior court of Pima county is affirmed.

ROSS, C. J., and McALISTER, J., concur.