236 P.2d 1022

**CATALINA GROVES, Inc. v. OLIVER.**

**No. 5425.**

Supreme Court of Arizona.

Oct. 29, 1951.

Scruggs & Butterfield, of Tucson, for appellant.

Glenn Ginn, of Tucson, for appellee.

DE CONCINI, Justice.

This suit is an action to establish liability on a lease concerning real property. The plaintiff Call, who owned the premises, leased to Oliver, the appellee herein. Oliver assigned his lease to Catalina Groves, Inc., appellant herein, who in turn assigned to one Levin. Levin defaulted in his rent. Call sued all the parties but service of process was had only upon the parties to this appeal. Judgment was rendered in favor of Call against Oliver and Catalina Groves, Inc. Oliver cross-claimed against Catalina Groves, Inc. (hereinafter called Catalina), asking that if he be found liable to Call, that Catalina be held liable over to him for any such amount. Judgment was awarded in his favor against Catalina.

Oliver paid Call. This appeal is by Catalina who seeks to have the judgment of Oliver set aside.

Oliver paid Call his judgment so the latter has no interest in this appeal. Oliver submitted his case "on the facts contained in the abstract of record heretofore filed by the appellant (Catalina)." Therefore we have before us only the opening brief of Catalina, the appellant.

The matter was submitted to the trial court on the pleadings, with the stipulation that the parties admitted all the allegations in the pleadings but not the legal conclusions therein.

The details of the transactions were as follows: Call leased a certain store to Oliver for a period of three years, from February 1, 1947 through January 31, 1950. The pertinent portions of that lease are set out as follows:

"4. That Lessee will not assign this lease, nor sublet the whole or any portion of said premises, without the written consent of Lessor first had and obtained, the consent to one assignment or subletting shall not be deemed a consent to future assignment, or subletting, but every assignment or subletting whether by the Lessee or any assignee or sublessee shall be void and of no effect unless the written consent of Lessor shall be first had and obtained.

* * * * * *

"7. * * * And it is further understood and agreed that this lease is not transferable or assignable by the Lessee, either voluntarily or involuntarily, * *."

On April 24, 1947, an "Assignment of Lease and Acceptance of Assignment" was entered into by Oliver and Catalina, in part as follows: "We hereby assume all responsibilities and obligations of the Lessee as set forth in the above described lease." This assignment was approved by Call. "* * * with the specific understanding said Joseph A. Oliver shall be responsible for any covenants to be carried out by the lessee in the event of default on the part of said assignee.

"Approved

"C. A. Call                    J. A. Oliver"

The second assignment of the lease from appellant to S. A. Levin, dated the 23rd of August 1948 is the one of most importance on this appeal. The relevant portion of that "Assignment of Lease and Consent" provides: "In consideration of the foregoing assignment, the undersigned, Samuel A. Levin, does hereby assume all of the obligations in said lease contained on the part of the Lessee to be paid, kept and performed, and does hereby agree to save and hold harmless the said Assignor from any and all liabilities in connection therewith." Following the signatures of the assignor and assignee, appear the following two endorsements:

"Know all men by these presents that the undersigned Lessor, for a valuable consid-

eration, does hereby consent to the foregoing assignment thereof.

"C. A. Call

Lessor

"I hereby approve the foregoing assignment of lease in accordance with the provisions thereof, with the specific understanding that Joseph A. Oliver shall be responsible for any covenants to be carried out by the lessee in the event of default on the part of said assignee.

"Joseph A. Oliver          C. A. Call
  Approved                     Lessor"

It is upon the construction of these provisions by the trial court that appellant bases his assignments of error.

Appellant lists eight assignments of error. They may be divided into two classifications, one, that appellant was discharged by operation of law from any liability on the lease prior to the time that the indebtedness involved in this action arose and the second broad classification, which is that there was a novation which released the appellant from any liability.

■■■ As mentioned earlier, Call does not appear in this appeal at all. Oliver satisfied the judgment in favor of Call against Oliver and appellant in the trial court. It is not necessary therefore to consider those assignments of error which relate to any liability that appellant may have owed Call, because appellant owed an obligation to both Call and Oliver. It would serve appellant in no manner to have this court reverse the lower court as to its liability to Call without also doing the same as to the cross-claim upon which Oliver recovered. Whatever may have been the effect of Call's endorsement on the assignment from Catalina to Levin, we find nothing there that serves as a basis for a discharge of the duty owed by appellant to Oliver.

■■ To understand the nature of the obligation that appellant owed Oliver, it is necessary to start with the assignment from Oliver to it. Therein appellant assumed "all responsibilities and obligations of the Lessee". The rule of law with reference to such an assumption is set forth in 32 Am.Jur., Landlord and Tenant, section 350: "Effect of Reassignment.—A lessee, (Oliver) although compelled to pay rent to the lessor (Call) after having assigned his lease, cannot maintain an action against the assignee (Catalina) for rent falling due after the latter has assigned to a third person (Levin), unless the assignee (Catalina) has expressly covenanted with the lessee (Oliver) to pay the rent for the full, unexpired term. *If, however, the assignee (Catalina) expressly covenants to pay the rent accruing during the term or perform the other obligations on the part of the lessee (Oliver), he (Catalina) cannot escape liability to the lessee (Oliver) to indemnify him (Oliver) by reassigning. * * *"* (Emphasis supplied. Names of parties inserted in parentheses following their proper designation.) By reason of assumption by appellant of the duties of the lessee, it

became liable for the obligations of the lease, not only during the time that it was in possession of the premises, but also during the entire period of the lease, unless released by some act or deed of the parties.

It is unfortunate that the argument of appellant deals only with its liability to Call, and neglects to set forth any reasons, other than legal conclusions in its assignments of error, as to why the appellant should not be liable to Oliver on his cross-claim. As stated earlier, appellant owed the obligation to both Oliver and Call.

■■ Appellant contends that there was a novation by the terms of the assignment from appellant to Levin and the acceptance of that assignment by Call. As set forth earlier, that endorsement by Call, with the reservation of Oliver's liability to Call was "approved" by Oliver. The question then arises: Would such "approval" be capable of being construed as a novation? We think not. To constitute a novation, there must be, among other elements, a mutual agreement among three parties, the creditor (Oliver), his debtor (Catalina), and the intended new debtor (Levin), before there can be a novation. Shiflet v. Marley, 58 Ariz. 231, 118 P.2d 1107. While Levin assumed the obligations of Catalina under the lease, there was no release by Oliver of appellant's liability to him. Counsel for appellant would have us construe the approval of Oliver, to the reservation of his liability to Call, into being the acceptance by Oliver, of the assignment and the pro-

visions thereof, which included the assumption of lessee's duties by Levin. We cannot assent to this construction of the assignment. The sole effect of Oliver's approval of this assignment was to continue to bind himself to pay Call the rent if Levin defaulted.

■■ It is true, as contended by appellant, that novation need not be express: "It was not, however, essential that the assent to, and acceptance of, the terms of the novation should be shown by express words to that effect, but the same might be implied from the facts and circumstances surrounding the transaction and the conduct of the parties thereafter. * * *" Dunbar v. Steiert, 31 Ariz. 403, 253 P. 1113, 1114. Appellant states that a novation may be inferred, but the only record before this court is the pleadings of the parties, and that certainly does not give this court any "facts and circumstances surrounding the transaction and the conduct of the parties" by which it could reverse the judgment of the lower court. "Whether or not a novation has been accomplished depends on the intention of the parties. This intent is the controlling element in determining the question, and, unless the transaction was intended to extinguish the old obligation by substituting the new one therefor, a novation is not effected. * * *" 66 C.J.S. Novation, § 18(e).

We therefore agree with the holding of the learned trial court that Catalina

Groves assumed an obligation to indemnify Oliver that continued after it reassigned to Levin, and that there was no novation intended by the parties, and none will be created by the court.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.