532 P.2d 545

**UNITED SECURITY CORPORATION, an Arizona Corporation, Appellant,**

v.

**ANDERSON AVIATION SALES CO., INC., a corporation, Appellee.**

**No. 1 CA–CIV 2291.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 6, 1975.

Rehearing Denied April 15, 1975.

Review Denied May 28, 1975.

274

Carson, Messinger, Elliott, Laughlin & Ragan by John H. Anderson, Larry Laughlin, Keith W. Ragan, Phoenix, for appellant.

Hash, Cantor & Tomanek by Virginia Hash, Phoenix, for appellee.

## OPINION

NELSON, Presiding Judge.

This action is based upon a complaint by United Security Corporation (U. S. C.), appellant, to collect liquidated damages for breach of an airplane lease agreement from Flight Line, Inc. (Flight Line), not a party to this appeal, and Anderson Aviation Sales Co., Inc. (Anderson), appellee. A default judgment was obtained against

Flight Line for the relief sought in the complaint. No appeal was taken therefrom. The issue of Anderson's liability on the lease was tried to the court without a jury. The trial court concluded that a valid novation had occurred, relieving Anderson from further liability to U. S. C. under the aircraft lease in question. Findings of fact, conclusions of law, and a judgment were all entered accordingly. Following the denial of motions for new trial and to amend the findings of fact and to make additional findings and amend the judgment, U. S. C. perfected this appeal.

This court must resolve two questions: (1) Was the document entitled "Assignment of Lease and Acceptance and Assumption of Lessee's Lease Obligation and Consent" [1] whereby Flight Line took possession of the aircraft and undertook payments under the lease so clear as to the continued liability of Anderson, the original lessee, as to preclude extrinsic evidence regarding a novation? (2) If extrinsic evidence was proper, does the evidence support the findings of the trial court that a valid novation occurred?

■ Both parties to this appeal agree generally as to the law of novation and all the applicable Arizona decisions. To constitute a valid "novation" there must be an extinguishment of a previously valid obligation, and an agreement of all parties to a new valid contract. The essential elements of a valid novation are a previously valid obligation, the agreement of all parties to a new contract, the extinguishment of the old obligations, and the validity of the new one. Buerger Bros. Supply Co. v. El Rey Furniture Co., 43 Ariz. 472, 32 P.2d 1029 (1934). It is not essential for a valid novation that assent and acceptance of the terms thereof be shown by express words, either spoken or written, but may be implied from the facts and circumstances surrounding the transaction and the conduct of the parties thereafter. Dunbar v. Steiert, 31 Ariz. 403, 253 P. 1113 (1927); Buerger Bros. Supply Co. v. El Rey Furni-

ture Co., supra; Shiflet v. Marley, 58 Ariz. 231, 118 P.2d 1107 (1941); Catalina Groves v. Oliver, 73 Ariz. 38, 236 P.2d 1022 (1951); Steele v. Vanderslice, 90 Ariz. 277, 367 P.2d 636 (1961).

■ Looking at the written "Assignment of Lease and Acceptance and Assumption of Lessee's Lease Obligations and Consent", as set forth in note 1, supra, at least two facts are clear. The document itself is not a novation, in that it does not specifically extinguish the previous obligation of Anderson. Steele v. Vanderslice, supra; Catalina Groves v. Oliver, supra. Nothing set forth in the document, however, precludes the finding of a novation based upon later and additional agreement of the parties, either express or implied. Dunbar v. Steiert, supra; Catalina Groves v. Oliver, supra.

■ If the findings of the trial court are supported by reasonable evidence, or based upon reasonable inferences drawn from conflicting evidence, those findings will not be disturbed on appeal. O'Hern v. Bowling, 109 Ariz. 90, 505 P.2d 550 (1973); In re Estate of Harber, 104 Ariz. 79, 449 P.2d 7 (1969); King v. Uhlmann, 103 Ariz. 136, 437 P.2d 928 (1968); Reynolds v. United Producers & Consumers Co-op, 17 Ariz.App. 145, 495 P.2d 1352 (1972). Viewing the evidence in the strongest light in favor of supporting the findings and judgment of the trial court, Van Dusen v. Registrar of Contractors, 12 Ariz.App. 518, 472 P.2d 487 (1970); Thornton v. Southwest Flour and Feed Co., 8 Ariz.App. 190, 444 P.2d 747 (1968), the court's conclusion that a novation occurred is supported by the evidence.

U. S. C. and Anderson had prior dealings on at least three other leases for aircraft other than the one in question. U. S. C.'s methods of collection of its accounts, especially those past due, are fully explored by the evidence. After the execution of the document set forth in note 1, supra, all of the conduct of U. S. C., until

1. For text of footnote, see Appendix.

demand was made and suit filed some 32 months later, evinces a complete release of Anderson from any obligation under the lease in question.

Flight Line defaulted on the lease in late summer or early fall of 1968. From this time until demand and suit in June of 1970, U. S. C. continued to service at least two other leases with Anderson, making the usual contacts and demands regarding these leases. No mention was made either to Anderson, or to an independent accounting firm making inquiries for other parties, of any contingent liability on the lease now under scrutiny. Although the aircraft in question was repossessed from Flight Line in late summer or early fall of 1968, no effort was made to require Anderson to then resume payments under the lease or re-take possession of the aircraft, in spite of regular contact between U. S. C. and Anderson regarding their other agreements.

There was, in addition, ample evidence concerning the officers and directors of Flight Line and their relationship to U. S. C., its officers, and related corporations, from which the court could draw the conclusion that U. S. C. was perfectly willing, if not eager, to substitute the new debtor for Anderson, especially in view of the collection history with Anderson on other leases, both before and after the transaction in question took place.

The evidence, both testimonial and documentary, fully supports the trial court's conclusion that a valid novation took place. Buerger Bros. Supply Co. v. El Rey Furniture Co., supra; Dunbar v. Steiert, supra.

The judgment is affirmed.

WREN and FROEB, JJ., concur.

## APPENDIX
### ASSIGNMENT OF LEASE
### AND
### ACCEPTANCE AND ASSUMPTION
### OF LESSEE'S LEASE OBLIGATIONS

THIS AGREEMENT made this 27th day of October, 1967, by and between ANDERSON AVIATION SALES CO., INC., a corporation, Assignor, and FLIGHT LINE, INC., Assignee.

### WITNESSETH:

For and in consideration of the sum of TEN DOLLARS and other good and valuable considerations, the receipt of which are hereby acknowledged, Assignor does hereby assign and transfer unto Assignee all its right, title and interest in and to that certain Equipment Lease dated December 23, 1966 made between Assignor, as Lessee, and Guaranty Leasing Division of United Security Corporation, a corporation, as Lessor, as subsequently amended by Amended Equipment Lease dated August 29th, 1967, and to the security deposit made by Assignor as said Lessee under the lease, subject to all the terms, conditions, covenants and agreements contained in said Lease as amended. True copies of the Equipment Lease and Amended Equipment Lease are attached hereto.

Assignee does hereby accept the foregoing Assignment as of the day and year first above mentioned and hereby assumes and agrees to perform all the terms, conditions, covenants and agreements of the said Equipment Lease dated December 23, 1966, as subsequently amended by Amended Equipment Lease dated August 29th, 1967, on the part of the Lessee to be performed. The agreement of Assignee herein shall be binding upon the heirs, legal representatives, successors and assigns of Assignee.

IN WITNESS WHEREOF, Assignor and Assignee have executed this Agreement as of the day and year first above mentioned.

ANDERSON AVIATION SALES CO., INC.

By   s/ Robert M. Nadler, Pres.

ASSIGNOR

FLIGHT LINE, INC.

By: s/ Richard L. Kafader

ASSIGNEE

### CONSENT

The undersigned does hereby consent to the foregoing Assignment of Lease on the express condition that the Assignee has agreed to perform, and shall perform to the undersigned as Lessee, the terms, conditions, covenants and agreements of the described Lease, as amended, on the part of the Lessee to be performed.

IN WITNESS WHEREOF, the undersigned has executed this Consent as of the day and year first mentioned in the foregoing Assignment of Lease and Acceptance And Assumption of Lessee's Lease Obligations.

GUARANTY LEASING DIVISION OF UNITED SECURITY CORPORATION

By   s/ John D. Davis