628 P.2d 986

**FOOD FOR HEALTH CO., INC., aka Food for Health, Inc., an Arizona corporation, Plaintiff-Appellee,**

v.

**3839 JOINT VENTURE, an Arizona entity; Russell B. Miller, Reba Miller, his wife; Anthony Schopp, Doris D. Schopp, his wife; Elaine E. Cohen, individually and as Personal Representative of the Estate of Phillip Cohen; Norman J. Fuchs, Rhoda L. Fuchs, his wife; Perry Mehlman, Shirleen Mehlman, his wife, Defendants-Appellants.**

No. 1 CA–CIV 4673.

Court of Appeals of Arizona,
Division 1,
Department A.

May 14, 1981.

Monbleau, Vermeire & Turley, P.C., by Kent E. Turley, Phoenix, for plaintiff-appellee.

Jones, Teilborg, Sanders, Haga & Parks, P.C., by David L. Haga, Phoenix, for defendants-appellants.

## OPINION

FROEB, Judge.

In 1970, the individual defendants (except the Mehlmans) entered into a contract for the purchase of improved real estate from Andrew P. and Mary J. Tell. A joint venture was formed for the development and management of the property. In 1972, a portion of the property was leased to plaintiff-appellee Food for Health which entered into possession of the premises to conduct its business. On November 7, 1975, the Tells and Continental Service Corporation forfeited the interest of the joint venture in the property which returned ownership to the Tells. In December 1975, Food for Health negotiated a new lease with the Tells and remained on the premises. A lawsuit (not the present suit) was then brought in the Maricopa County Superior Court by several of the defendants in the present case alleging that the forfeiture was wrongful. The claim was defeated when the trial court entered a judgment on the pleadings against them. An appeal to this court followed which was compromised and dismissed with prejudice by stipulation of the parties.

The present lawsuit was filed by Food for Health on June 10, 1977, alleging a claim for damages against the defendants-appellants for breach of the original lease based upon violation of the lease covenant for quiet possession. Food for Health moved for partial summary judgment on the issue of liability based upon the judgment in the earlier suit which decided the forfeiture proceeding was not unlawful. After the court granted the motion, the defendants brought the present appeal and are, for clarity, hereafter referred as the lessors. Food for Health is referred to as the lessee. Additional facts as are necessary will be mentioned in context of the legal arguments.

The subject matter of this case is the doctrine of collateral estoppel and its application. The controlling issue is whether the judgment which is claimed to give rise to collateral estoppel was fully and fairly litigated in the earlier proceedings. We hold that the judgment meets that test and affirm. In our analysis we distinguish between offensive and defensive use of collateral estoppel and find that it is used defensively in this case.

## WAS THE EARLIER JUDGMENT FULLY AND FAIRLY LITIGATED?

The lessee's claim against the lessors is based upon the theory that lessee was constructively evicted from the premises when the lessors' interest in the property was lost by forfeiture. To overcome the lessors' defense that the forfeiture was wrongful and thus not their responsibility, lessee took the position that the issue had been finally determined in the earlier proceedings between lessors and the Tells. The motion for summary judgment filed by lessee in the present case asserted that lessors were collaterally estopped from taking a position contrary to the determination underlying the earlier judgment that the forfeiture was lawful.

It is the rule that for an issue to be conclusive in a subsequent action it must have been actually litigated and determined by a valid and final judgment. *Krumtum v. Burton*, 111 Ariz. 448, 532 P.2d 510 (1975); *Restatement (Second) of Judgments* § 68 (Tentative Draft No. 4, 1977). The

prior judgment was entered by the trial court as a result of a motion for judgment on the pleadings. Such a motion tests the sufficiency of the complaint in stating a claim for relief. *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 428 P.2d 990 (1967). A motion for judgment on the pleadings for the purposes thereof admits all material allegations of the opposing party's pleadings, and all allegations of the moving party which have been denied are taken as false so that a motion for judgment on the pleadings is only granted if the moving party is clearly entitled to judgment. *Jamison v. Southern States Life Insurance Co.*, 3 Ariz.App. 131, 412 P.2d 306 (1966). Such was the situation here. The judgment which resulted constitutes the required "actual litigation" which is necessary to give it preclusive effect under the doctrine of collateral estoppel. Although we are not referred to a case involving a judgment on the pleadings, summary judgment has been held to furnish the basis for collateral estoppel and for these purposes we see no distinction. *See Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 110 (5th Cir. 1975), *cert. den.*, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1975); *accord, Yavapai County v. Wilkinson*, 111 Ariz. 530, 534 P.2d 735 (1975).

Lessors argue that the prior judgment can have no preclusive effect for collateral estoppel purposes because a timely appeal was filed and that during the pendency of the appeal a compromise was reached whereby on stipulation the appeal was dismissed with prejudice. Lessors contend that the dismissal of the appeal prevented the issues from being fully and finally adjudicated and thus destroyed the preclusive effect of the judgment for collateral estoppel purposes.

This question is a matter of first impression in Arizona and we have not been referred to any case from other jurisdictions precisely deciding the issue. Lessors argue that because the judgment on appeal was, by reason of the appeal, not final, the stipulated dismissal of the appeal with prejudice prevented a full and fair adjudication.

It analogizes the situation to settlement *before* judgment referred to in comment (e) to § 68 of the *Restatement (Second) of Judgments* (Tentative Draft No. 4, 1977):

> In the case of a judgment entered without contest by confession, consent, or default, none of the issues is actually litigated.

We disagree, however, that the situation is analogous. The dismissal of the appeal with prejudice gave finality to the judgment. The net effect of the dismissal of the appeal was to allow the adjudication of the forfeiture issue by the trial court to stand. The parties to the stipulation could have provided that the judgment be vacated but they did not do so. For purposes of collateral estoppel, it is the same as if no appeal had been taken in the first place. We hold therefore that the issue of the forfeiture was fully and fairly litigated in the earlier proceedings.

## DOES LESSEE SEEK TO USE THE JUDGMENT OFFENSIVELY OR DEFENSIVELY?

Summary judgment was entered in this case in favor of lessee on the question of constructive eviction on the ground that the issue of forfeiture had been finally decided in the earlier case even though lessee was not a party to those proceedings.

The basic rule as to collateral estoppel (sometimes referred to as issue preclusion) is set forth in *Restatement of Judgments* § 93 (1942), as follows:

> Except as stated in §§ 94–110, a person who is not a party or privy to a party to an action in which a valid judgment other than a judgment in rem is rendered (a) cannot directly or collaterally attack the judgment, and (b) is not bound by or entitled to claim the benefits of an adjudication upon any matter decided in the action.

Collateral estoppel is used offensively when a party making a claim attempts to assert against an opponent a determination made by prior judgment to which it was not a party. The court of appeals in *Spettigue v. Mahoney*, 8 Ariz.App. 281, 445 P.2d 557

(1968), applied the Restatement rule in rejecting offensive use of collateral estoppel. The plaintiffs in *Spettigue* brought suit for personal injuries arising out of a two-car accident. In earlier litigation to which these plaintiffs were not a party, it was established that the State of Arizona was liable to other plaintiffs in the same accident for injuries received because of negligence in the construction and maintenance of a bridge on a public highway. The *Spettigue* plaintiffs sought by motion a determination that the state was liable to them by reason of the adjudication in the earlier case. The court rejected the imposition of liability through the affirmative use of a judgment to which the plaintiff was a stranger.[1] *Spettigue v. Mahoney* has since been expressly approved by the Arizona Supreme Court in *Standage Ventures, Inc. v. State*, 114 Ariz. 480, 562 P.2d 360 (1977).

Defensive use of collateral estoppel, however, occurs when a party *defending* a claim attempts to assert a previous judgment, to which it was not a party, against an opponent who was a party to preclude relitigation of the claim. This application of collateral estoppel is allowed in Arizona, *Standage Ventures, Inc. v. State; Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 408 P.2d 849 (1965), the main reason being that once a party has had his day in court and lost, he does not get a second chance against a different party on the same claim. *Id.*

Whether collateral estoppel is used offensively or defensively in the present case requires close analysis. Lessee pled breach of the lease by reason of lessors' violation of the covenant for quiet enjoyment. It contends that it was constructively evicted by reason of the lessors' loss of ownership arising out of the forfeiture. *As a defense to the claim*, lessors allege that the forfeiture was wrongful. In response to the assertion of this defense and thus to defeat it, lessee argues that the question of wrongful forfeiture has already been decided adversely to lessors by reason of the prior judgment. It therefore appears that the prior judgment is not invoked by lessee to establish its claim that the lease was breached but rather is invoked to prevent the reassertion by lessors of a contention previously decided against them in the earlier judgment. This is clearly not the offensive use of collateral estoppel ruled out by *Restatement of Judgments* § 93, when it states that one who is not a party to the prior judgment "is not ... entitled to claim the benefits of an adjudication upon any matter decided in the action." We view the assertion of the prior judgment in the present context as a defensive use of collateral estoppel.

The fact that lessee had the initial burden in the summary judgment proceedings of demonstrating that there existed no genuine issue of material fact and that it was entitled to a ruling as a matter of law on the question of breach of lease, does not convert the use of collateral estoppel into an affirmative posture. We hold that whether the use of collateral estoppel is affirmative or defensive depends upon the pleadings and burden of proof in the overall case.

## NOVATION

As a final issue, lessors argue that when lessee entered into the new lease with the Tells following the forfeiture of the lessors' interest, a novation occurred which released them from their obligations under the earlier lease. The new lease was similar to the prior lease, but there were numerous additional rights and obligations.

The elements of novation are set forth in *United Security Corp. v. Anderson Aviation Sales Co.*, 23 Ariz.App. 273, 275, 532 P.2d 545, 547 (1975):

To constitute a valid "novation" there must be an extinguishment of a previously valid obligation, and an agreement of

1. There are some exceptions to the rule against the offensive use of collateral estoppel argued at considerable length by lessee in the present case, *see Restatement of Judgments* §§ 94–111 (1942); *Krasse v. Del E. Webb Development Corp.*, 26 Ariz.App. 427, 549 P.2d 207 (1976), but as hereafter pointed out, we do not need to reach them.

*all* parties to a new valid contract. The essential elements of a valid novation are a previously valid obligation, the agreement of *all* parties to a new contract, the extinguishment of the old obligations, and the validity of the new one. (Emphasis added.)

Here, by contrast, there was no agreement of any kind between the lessors, the Tells, and the lessee to a new lease. Instead, the new lease was solely between the Tells and the lessee. Missing, then, is any agreement by lessee to release lessors from claims existing against them. The intent to extinguish the old obligation by substituting a new one is at the heart of novation and is not present here. *See Catalina Groves, Inc. v. Oliver,* 73 Ariz. 38, 236 P.2d 1022 (1951). Since no genuine issue of material fact on this issue was presented, the trial court correctly ruled in favor of lessee on this issue.

For the reasons stated, the partial summary judgment in favor of Food for Health is affirmed.

CONTRERAS, P. J., and WREN, J., concur.