NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TRI CITY NATIONAL BANK, *Plaintiff/Appellee,*

*v.*

MICHAEL P. GRADY and JENNIFER A. GRADY, *Defendants/Appellants.*

No. 1 CA-CV 13-0077
FILED 3-20-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-016990
The Honorable Michael L. Barth, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Politan & Associates, PLLC, Scottsdale
By John R. Politan
*Co-Counsel for Defendants/Appellants*

Law Offices of Kyle A. Kinney, PLLC, Scottsdale
By Kyle A. Kinney
*Co-Counsel for Defendants/Appellants*

Jaburg & Wilk, P.C., Phoenix
By Neal H. Bookspan, Janessa Koenig, Laura Rogal
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

---

**JONES,** Judge:

¶1        Appellants Michael and Jennifer Grady (collectively, Gradys) appeal the superior court's judgment on the pleadings in favor of Appellee Tri City National Bank (Tri City) on its claim for forcible entry and detainer (FED). The superior court declared Tri City was entitled to possession of the residence pursuant to a trustee's deed. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        On September 5, 2008, the Gradys executed a Deed of Trust on their residence with Tri City's predecessor, Bank of Elmwood (the Bank), to secure a Note for $1,827,717. By letter dated January 29, 2009, the Bank notified the Gradys they were in default, advised how and by when to cure, and warned that failure to cure would result in the immediate acceleration of the note. The Gradys made no effort to cure the default and the notice of trustee's sale issued May 11, 2009. Before the sale could be held, the Gradys filed suit against the Bank, posted a bond and obtained a preliminary injunction against the sale. Thereafter, Tri City succeeded to the interests of the Bank. The injunction was eventually dissolved and on May 10, 2012, a second notice of trustee's sale issued.

¶3        Tri City was the successful bidder at the October 25, 2012 sale and obtained a trustee's deed. By letter dated October 26, 2012, Tri City notified the Gradys to surrender the property. They did not.

¶4        Tri City filed an FED action against the Gradys on November 6, 2012. After attempting to remove the matter to federal court and having the case remanded back to state court, the Gradys answered the complaint, for the first time asserting the sale was improper as they were not given a proper notice of default prior to receiving notice of the second trustee's sale. The Gradys also opposed the propriety of the sale on the allegation Tri City had failed to disclose to bidders the Gradys'

pending claims to the property that, if successful, would void the Note and Deed of Trust. In addition, the Gradys argued they had the right to challenge title within the FED proceeding as the foreclosure sale was due to a "deliberate notice failure" on Tri City's part.

¶5 Tri City filed a motion for judgment on the pleadings, asserting that the arguments the Gradys raised in their answer concerned title to the property and were therefore beyond the scope of an FED action. It further noted that the trustee's deed provided a presumption of compliance with the terms of both the Deed of Trust and statutes, and the Gradys waived any objection or defense to the trustee's sale due to their failure to timely enjoin or stay the sale before it occurred. Ariz. Rev. Stat. (A.R.S.) § 33-811(B)-(C) (2014).[1] Tri City acknowledged that the Gradys could challenge title in the FED action if they could show fraud, misrepresentation or concealment, but argued they had failed to do anything but make the allegation.

¶6 The Gradys argued Tri City had failed to provide notice pursuant to A.R.S. § 33-807.01 (Supp. 2013), which requires the lender to send a notice to the borrower at least thirty days before the notice of a trustee's sale to allow the borrower the opportunity to explore options to avoid foreclosure. Tri City asserted it had complied with the notice requirement of A.R.S. § 33-807.01, based upon 1) the above-referenced January 29, 2009 letter from the Bank to the Gradys; 2) a three-year period of litigation with the Gradys concerning the loan and the property; and 3) multiple settlement discussions between the parties regarding the property. Tri City further argued the Gradys had failed to allege any facts with respect to the claimed failure to send a second notice that would rise to the level of fraud, which was the only exception to the rule precluding inquiry into title. The Gradys asserted the January 29 letter was insufficient, as it was sent by the Bank, not Tri City, and listed an amount to make the loan current that was no longer correct and a cure date that had already passed. The Gradys also contended that posting the bond for the injunction precluded the first trustee's sale, reinstated the loan and required Tri City to recommence the foreclosure process.

---

[1] We cite the current version of the statute. No revisions material to this decision have since occurred.

**¶7**      The superior court granted Tri City's motion for judgment on the pleadings. The Gradys timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2014).

## DISCUSSION

**¶8**      In a motion for judgment on the pleadings, all allegations of the party opposing the motion are taken as true and those allegations of the moving party that have been denied are taken as false. *Food for Health Co. v. 3839 Joint Venture,* 129 Ariz. 103, 106, 628 P.2d 986, 989 (App. 1981). Conclusions of law are not deemed admitted. *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 315, 428 P.2d 990, 993 (1967).

**¶9**      Deeds of Trust are creatures of statute, and the rights of parties related to a trustee's sale are determined by the statutes governing Deeds of Trust. *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300, ¶ 9, 275 P.3d 598, 599 (2012). In a challenge to an FED action, the only issue that may be considered is the actual possession of the property; the court may not inquire into the merits of title. A.R.S. § 12-1177(A) (2014); *Curtis v. Morris*, 186 Ariz. 534, 534-35, 925 P.2d 259, 259-60 (1996). Challenges to compliance with pre-sale requirements must be raised prior to the sale through an injunction or are waived by statute. A.R.S. § 33-811(C) states in pertinent part:

> [A]ll persons to whom a trustee mails a notice of a sale under a trust deed . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. . . . on the last business day before the scheduled date of the sale.

**¶10**      Consequently, a person who has received notice of the sale cannot, after the sale is completed, challenge the sale based upon pre-sale defenses or objections. *BT Capital*, 229 Ariz. at 301, ¶ 11, 275 P.3d at 600. A trustee's sale may be void, however, "if there are grounds for equitable relief based on serious sale defects, including deliberate notice failure, fraud, misrepresentation, or concealment." *Hills v. OCWEN Fed. Bank*, 299 B.R. 581, 586 (Bankr. D. Ariz. 2002) (citing *Main I Ltd. P'ship v. Venture Capital Const. & Dev. Corp.*, 154 Ariz. 256, 260, 741 P.2d 1234, 1238 (App. 1987)).

4

¶11   The Gradys argue that Tri City did not comply with A.R.S. § 33-807.01(A),[2, 3] which provides:

> For a property with a first deed of trust recorded on or after January 1, 2003 through December 31, 2008, if the borrower occupies the property as the borrower's principal residence, before a trustee may give notice of a trustee's sale for the property pursuant to § 33-808, the lender must attempt to contact the borrower to explore options to avoid foreclosure at least thirty days before the notice is recorded.

---

[2] This statute has been repealed effective January 1, 2014. 2010 Ariz. Sess. Laws, ch. 325, § 2 (2nd Reg. Sess.).

[3] The Gradys contend Tri City was required to send its own notice under A.R.S. § 33-807.01 and could not rely upon the previous notice sent by the Bank in January 2009. We disagree with this argument and find Tri City was not required to send a second letter pursuant to A.R.S. § 33-807.01. The trustee's sale was the last step in a single continuing process that began with the 2009 notice of the Bank and ended with the Trustee's sale on May 10, 2012. The Gradys' status with respect to the loan remained unchanged throughout—they were in default in January 2009, when the Bank sent the letter pursuant to A.R.S. § 33-807.01, and continued to be in default following Tri City's succession to the Bank's interest. Nothing within relevant statute requires a successor lender to duplicate the actions of its predecessor. The Gradys argue that if that were the law, then when a first trustee's sale has been cancelled, there would be no requirement to mail notices to the trustors, no requirement to set a time and date for the sale, and no need to comply with other notice requirements before holding a second sale. Such statutorily requisite actions in the course of conducting a trustee's sale are apart from and irrelevant in regard to the immediate issue. A trustee's sale must be conducted in compliance with certain procedures. *See* A.R.S. §§ 33-807 to -808. Those procedures, such as providing notice of the time and place of the sale, apply to the conduct of each trustee's sale. Contact under A.R.S. § 33-807.01 is not, however, tied to the propriety of the conduct of such sales. The purpose of the statute is to ensure that a borrower is given the opportunity to explore options to avoid foreclosure. The Gradys were given that opportunity, as required by the statute, and elected not to take advantage of it. Nothing within the statute requires the A.R.S. § 33-807.01 notice to be repeated.

¶12    The Gradys, without providing any support in statute or case authority, argue this Court should interpret A.R.S. § 33-807.01 as requiring a lender to provide the required notice after a trustee's sale if the lender failed to send the notice prior to the sale.   The Gradys argue a borrower should be permitted to raise the lender's failure to send a notice as a defense to the right of possession in an FED action and the lender should be required to give an additional 121 days[4] after the sale to allow the borrower to explore options to avoid foreclosure.

¶13    Our goal in interpreting a statute is to find and give effect to legislative intent.  *Mail Boxes, Etc., U.S.A. v. Indus. Comm'n*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995).  The most reliable indicator of a statute's meaning is the language of the statute itself.  *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 8, 153 P.3d 490, 496 (2007).  Where the language is unambiguous, we must give effect to that language. *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991).  We do not enlarge the statute to include matters not contemplated by the legislature as indicated by the statute itself.  *State v. Anway*, 87 Ariz. 206, 209, 349 P.2d 774, 776 (1960).

¶14    We find nothing within the language of § 33-807.01 to support the interpretation advocated by the Gradys, and the Gradys do not direct our attention to any language of the statute that might be construed to support their position.  The statute clearly requires that the lender attempt to contact the borrower prior to the notice of the sale.  It imposes no obligation to initiate such conduct following the sale and, in fact, such would serve as a meaningless act once the sale has been completed and the debtor is no longer owner of the property.  To interpret such an obligation as existing following the sale would constitute an improper expansion by this Court of the specific language and intent of the statute beyond that authorized and intended by the legislature.  The statute simply has no relevance post-sale.

¶15    The Gradys also argue that Tri City's alleged failure to contact them to explore options to avoid foreclosure constituted concealment.

---

[4] The Gradys calculate the 121 days by adding the thirty days allowed under A.R.S. § 33-807.01 to the ninety-one days between the date the notice of sale is recorded and the day the sale is conducted under A.R.S. § 33-807(D) (2014).

**¶16**          Even assuming Tri City was required to send a notice under A.R.S. § 33-807.01, the failure to do so would not constitute concealment so as to void a trustee's sale.  The voiding of a trustee's sale is possible where serious defects in the sale have occurred and where equity is in favor of voiding the sale.  *Hills*, 299 B.R. at 586.  Although the Gradys claim concealment, they present no argument as to how failure to send the notice constituted "concealment," why a failure to send the A.R.S. § 33-807.01 notice would be a serious defect in the sale, or explain how the lack of such a notice caused them prejudice.  The notice of default was sent in 2009, and the parties have been in litigation since that time. If the Gradys had been interested in resolving the dispute and exploring options with Tri City to avoid the sale, they had every opportunity to do so.  Equity does not favor the Gradys in support of voiding the sale; the failure of the successor note holder to repeat the conduct of the original note holder by failing to send a second notice pursuant to A.R.S. § 33-807.01 does not rise to the level of a serious defect in the sale.  Moreover, any objections regarding that lack of notice were waived pursuant to A.R.S. § 33-811(C).

**¶17**          The Gradys also contend lack of compliance with the A.R.S. § 33-807.01 notice requirement should be permitted as a defense against an FED action, reasoning compliance is easily discernible under A.R.S. § 33-807.01(B), as the statute requires a lender to keep documentation of such notice with their credit file, and any subsequent inquiry into a lender's compliance with the statute would not negatively affect the expedited nature of an FED action.  The Gradys' argument does not, however, address the statutorily imposed waiver of "all defenses and objections to the sale" that were not raised prior to the sale and that did not result in injunctive relief.  A.R.S. § 33-811(C).  Neither A.R.S. § 33-811(C) nor A.R.S. § 33-807.01 suggest the latter is an exception to the waiver provision.  As the Gradys did not argue Tri City's failure to comply with the requirements of A.R.S. § 33-807.01 prior to sale, that argument is waived.

## CONCLUSION

          Based upon the foregoing reasons, the trial court's judgment on the pleadings in favor of Tri City is affirmed.



Ruth A. Willingham - Clerk of the Court
FILED: mjt