574 P.2d 826

**In the Matter of a Member of the State Bar of Arizona, Manfred WETZEL, Respondent.**

**No. SB–112.**

Supreme Court of Arizona, In Banc.

Jan. 5, 1978.

Rehearing Denied Feb. 7, 1978.

**34**

Snell & Wilmer by Warren E. Platt and W. Charles Thomson, III, Phoenix, for the State Bar of Arizona.

Ajamie, Fay & Webb by Amil J. Ajamie, Phoenix, for respondent.

GORDON, Justice:

In its investigation of a complaint filed by Al J. Hodak on May 8, 1974, the State Bar discovered that between 1968 and March, 1975, the respondent had been the party plaintiff in no fewer than fifty lawsuits filed in Maricopa County. Most of the complaints were filed against former clients in an attempt to collect legal fees. After analyzing these lawsuits, the State Bar filed a formal complaint against respondent on September 18, 1975, alleging that in the course of his filing and maintaining these actions, respondent had violated numerous provisions of the Code of Professional Responsibility.

After extensive hearings in 1975 and 1976, a Local Administrative Committee concluded the respondent was unfit to practice law and recommended that he be suspended from the practice of law indefinitely. The Committee's Findings of Fact, Conclusions and Recommendations were forwarded to the Disciplinary Board of the State Bar on January 18, 1977. On February 26, 1977, the Disciplinary Board, by a majority vote of five of the nine members present, voted to affirm the Findings of Fact, Conclusions and Recommendations of the Local Administrative Committee.[1] The matter was transferred to this Court pursuant to Rule 36(d), Rules of the Supreme Court, on March 28, 1977.

When disciplinary action is recommended against an attorney, it is this court's duty to make an independent determination of the facts. *In re Johnson*, 106 Ariz. 73, 471 P.2d 269 (1970); *In the Matter of Dwight*, 117 Ariz. 407, 573 P.2d 481 (No. S.B.–110), filed December 12, 1977. Many of the factual determinations and legal conclusions we reach below involve judgments as to respondent's motives or states of mind in taking certain courses of action. Although we cite some of the incidents and statements of the respondent that support our determinations, it would unduly lengthen this opinion to list and summarize all the numerous items of evidence that lead us to ascribe certain motives or frames of mind to the respondent. Suffice it to say that we have studied the entire record and that all our findings and conclusions are supported in the record by clear and convincing evidence. See *In the Matter of Wilson*, 106 Ariz. 34, 470 P.2d 441 (1970); *In the Matter of Dwight, supra.*

In his complaint, Hodak alleged that on March 6, 1974, he visited the respondent's office twice to discuss a legal problem. After waiting 20–30 minutes on each occasion, he left the office without seeing the respondent. He did, however, discuss his problem briefly with another person in the office.

The record discloses that on March 21, 1974, respondent sent Hodak a bill for $20.00 for legal services allegedly performed by respondent. When Hodak returned the bill to respondent stating that he had never met respondent nor authorized him to perform legal services, respondent reacted by sending Hodak another bill for $20.00 on May 2, 1978. The second statement included a "service charge" of $2.50.

When Hodak refused to pay the second bill, respondent, on June 4, 1974, filed an action in Maricopa County Superior Court seeking to recover $75.00 in general damages and *$2,500 in punitive damages.* On June 21, the trial judge dismissed the action with leave to refile in Justice Court, con-

1. The four members who voted against affirmance did so only because they were of the opinion that the suspension should be for one year.

cluding that there was no basis for the punitive damages claim and that the suit was not within the jurisdiction of the Superior Court. Rather than refile the suit in Justice Court, the respondent, on August 14, 1974, again filed a complaint against Hodak in the Superior Court seeking to recover the same $75.00. In this complaint, however, the respondent increased the prayer for punitive damages to $10,000.

The hearings disclosed that at the time respondent filed the above mentioned complaints, he was aware that punitive damages are not, as a general rule, recoverable in an action for breach of contract. See generally 25 C.J.S. *Damages* § 120, 22 Am. Jur.2d *Damages* § 245, Restatement of the Law of Contracts § 342 (1932) and *Continental National Bank v. Evans*, 107 Ariz. 378, 489 P.2d 15 (1971).[2]

The record further demonstrates that at the time he filed these lawsuits, respondent was aware that if he had not requested punitive damages, the Superior Court would not have had jurisdiction over his claim.[3] In fact, respondent testified that he deliberately set the damage figure within the jurisdictional limits of the Superior Court in order to force Hodak to "go in front of the jury. I wanted to teach him a lesson."

When these factors are considered together with numerous other statements made by respondent regarding the actions he took against Hodak, it is our judgment that the complaints against Hodak were filed merely for the purpose of harassing and maliciously injuring him rather than for the purpose of adjudicating a valid controversy between them, all in violation of Disciplinary Rules 2–109(A)(1) and 7–102(A)(1) of the Code of Professional Responsibility, Rule 29(a), Rules of the Supreme Court, 17A A.R.S. (Hereafter, all citations of Disciplinary Rules refer to the Code of Professional Responsibility, Rule 29(a), Rules of the Supreme Court, 17A A.R.S.)

On the date scheduled for trial, Mrs. Hodak and respondent arrived at the courtroom early. Respondent approached Mrs. Hodak and began discussing the possibility of settling the case with her. Notwithstanding Mrs. Hodak's request that respondent conduct any discussion of the matter with her attorneys, respondent continued to talk to her about the case.

At the time of this discussion, respondent knew that Mrs. Hodak was represented by an attorney, that her attorney was not then present and that her attorney had never given respondent permission to communicate with her outside of the attorney's presence. Respondent's conduct was clearly in violation of DR 7–104(A)(1).

As we stated above, respondent has been involved in numerous lawsuits instituted by him in an attempt to collect attorney's fees. The evidence is clear that respondent failed to exercise even minimal efforts to avoid these controversies over fees and that in most cases little or no attempt was made to resolve the fee disputes prior to his filing suit. While the filing of a lawsuit to collect a fee does not violate any disciplinary rule, we agree with the Disciplinary Board that respondent's frequent resort to judicial process to collect fees in situations other than when necessary to prevent fraud or gross imposition by the client constitutes a serious violation of the standards set forth in Ethical Consideration 2–23 of the Code of Professional Responsibility.

---

**2.** The Disciplinary Board concluded that respondent's act of refiling his cause of action against Hodak in Superior Court rather than Justice Court was in willful disobedience and violation of an order of the court requiring him to forebear from doing an act connected with his profession. Rule 29(b)(2), Rules of the Supreme Court. While we do not think that there is the required clear and convincing evidence in the record to support this conclusion, we are of the opinion that Judge Chatwin's dismissal of the first cause of action served to put respondent on notice that, not only are punitive damages generally unavailable in contract actions, they were specifically not recoverable in his claim against Hodak.

**3.** A.R.S. § 22–201(B) states: "Justices of the peace have exclusive original jurisdiction of all civil actions when the amount involved, * * * is less than five hundred dollars * * *."

In at least seven of the lawsuits filed by respondent since 1968, a prayer for punitive damages ranging from $2,500 to $25,000 was included in the complaint. Each of the causes of action sounded in contract. Four involved efforts to collect attorney's fees.

In requesting punitive damages in these cases, it is our judgment that respondent violated DR 2–109(A)(2) and DR 7–102(A)(2). First, as in the Hodak case, respondent was aware at all times that punitive damages are not recoverable in an action sounding in contract. Hence by requesting punitive damages, respondent knowingly advanced a claim that is unwarranted under existing law. Second, the evidence is clear that respondent included each prayer for punitive damages solely for the purpose of raising the amount allegedly in controversy to a level that would permit or require the filing of the claim in Superior Court. Hence, the claims were not advanced in a good faith attempt to extend, modify or reverse the existing law.

It is apparent that, throughout the past few years, respondent has been incapable of conducting relationships with many of his clients in a completely professional manner. While the record does not clarify whether this incapacity results from respondent's ignorance of certain rules governing the conduct of attorneys in Arizona, or from his emotional inability or philosophical unwillingness to adjust his conduct accordingly, his conduct and attitudes demonstrate that he is currently unfit to practice law. His transgressions, however, are not so serious as to require disbarment. Respondent should be given an opportunity at some future date to demonstrate that he is capable of conforming his conduct to the ethical requirements of the profession.

It is ordered that the respondent be suspended indefinitely from the practice of law. It is further ordered that the costs incurred by the State Bar in prosecuting this matter, $3,528.02, are hereby assessed against respondent. Furthermore, it is ordered that respondent shall comply with the provisions of Rule 37(h), Rules of the Supreme Court.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.