727 P.2d 825

**Manfred R. WETZEL,
Plaintiff-Appellant,**

v.

**ARIZONA STATE REAL ESTATE
DEPARTMENT, a State Agency,
Defendant-Appellee.**

**No. 1 CA–CIV 8568.**

Court of Appeals of Arizona,
Division 1, Department D.

July 24, 1986.

Manfred R. Wetzel, Phoenix, in pro. per.

Robert K. Corbin, Atty. Gen. by Susan B. Lagerman, W. Mark Sendrow, Asst. Attys. Gen., Phoenix, for defendant-appellee.

## OPINION

GRANT, Presiding Judge.

In this appeal from a decision affirming the revocation of appellant's real estate broker's license by appellee, Arizona State Department of Real Estate (Department), two issues are presented: (1) whether the real estate commissioner improperly invoked the doctrine of collateral estoppel, and (2) whether the evidence sufficiently supports the revocation order.

The facts are not in dispute. Appellant, Manfred R. Wetzel (Wetzel) was licensed as both an attorney and real estate broker in the State of Arizona. In 1978, the Supreme Court of Arizona suspended Wetzel's license to practice law indefinitely. *In the Matter of Wetzel*, 118 Ariz. 33, 574 P.2d 826 (1978). The supreme court found that Wetzel had filed a complaint against a former client "merely for the purpose of harassing and maliciously injuring him" in violation of Disciplinary Rules 2–109(A)(1) and 7–102(A)(1) of the Code of Professional Responsibility, rule 29(a), Rules of the Supreme Court, 17A A.R.S. (Hereafter, all citations of Disciplinary Rules refer to the Code of Professional Responsibility, rule 29(a), Rules of the Supreme Court, 17A A.R.S.) *Id.* at 35, 574 P.2d at 828. The court also found that Wetzel had sought punitive damages in several lawsuits filed to collect attorney's fees, although Wetzel knew that these punitive damage claims were unwarranted. The supreme court held that such behavior was in violation of DR 2–109(A)(2) and DR 7–102(A)(2). *Id.* at 36, 574 P.2d at 828–29.

On January 7, 1981, the Supreme Court of Arizona readmitted Wetzel to the practice of law. Subsequently, the supreme court ordered the disbarment of Wetzel in August, 1984. *In the Matter of Wetzel*, 143 Ariz. 35, 691 P.2d 1063 (1984). The court found that Wetzel engaged in the following dishonest and unethical conduct:

(1) Wetzel sued a client for services which were neither authorized by nor rendered to the client. Also, Wetzel claimed punitive damages to harrass and intimidate the client knowing that the claims were not justified by the facts or the law.

(2) Wetzel attempted to solicit two clients to engage in unlawful baby selling.

(3) Wetzel violated an agreement to provide services for a set fee and retaliated against the client who disputed Wetzel's bill.

(4) Wetzel acted unethically by recording telephone conversations with other attorneys.

(5) Wetzel purposely deceived the trial court by telling the judge that he had placed two impeachment tapes of recorded conversations in an envelope which was filed with the court. When ordered to produce the tapes during discovery, Wetzel admitted the tapes were blank.

*Id.* at 41–44, 691 P.2d at 1069–73.

On October 22, 1984, the Department filed a complaint against Wetzel based on the supreme court's suspension and disbarment orders. The Department sought the suspension or revocation of Wetzel's real estate license pursuant to A.R.S. §§ 32–2153(A)(5), 32–2153(B)(4) and 32–2153(B)(5).

A hearing was held on November 15, 16, and 26, 1984. The evidence against Wetzel presented by the Department consisted exclusively of the two supreme court decisions. Wetzel attempted to subpoena many of the same witnesses who had testified against him in the state bar proceedings, all of the justices of the Supreme Court of Arizona, and certain superior court judges. The hearing officer refused to issue the subpoenas and further instructed Wetzel that he could not relitigate the bar matter in the real estate department proceedings. Wetzel did, however, introduce character witnesses to testify on his behalf.

Following the hearing, the hearing officer recommended that Wetzel's real estate license be revoked. Thereafter, the commissioner issued an order adopting the hearing officer's findings of fact and conclusions of law and revoking Wetzel's license.

Wetzel proceeded to file a motion for reconsideration. The Department also moved for reconsideration. Wetzel's motion was denied, the Department's motion was granted. On February 25, 1985, amended findings of fact and conclusions of law were issued by the hearing officer. Pertinent to this appeal are the conclusions of law as follows:

(1) The findings of the Supreme Court of Arizona *In the Matter of Wetzel*, 143 Ariz. 35, 691 P.2d 1063, are taken as true for purposes of the proceedings. The court found that Mr. Wetzel engaged in deceitful conduct in dealings with his colleagues and the courts and that he has been dishonest, if not malicious, in his dealings with clients, colleagues and courts of the state. These findings relate only to Mr. Wetzel's activities in connection with the practice of law, and there is no evidence he has engaged in improper conduct with respect to his activities as a licensed real estate broker. However, because the duties and responsibilities of these respective professions are quite similar these activities constitute grounds for suspension and revocation of respondent's real estate broker's license pursuant to A.R.S. § 32–2153(A)(5).

(2) To the extent that the activities which gave rise to disbarment from the practice of law tend to show that he is not a person of honesty, truthfulness and good reputation, grounds exist for suspension or revocation of his real estate broker's license pursuant to A.R.S. § 32–2153(B)(4).

The commissioner issued an amended order *nunc pro tunc* adopting the officer's findings and conclusions. By order of March 1, 1985, the commissioner revoked Wetzel's license.

Wetzel then filed a complaint in superior court challenging the commissioner's order. The trial court reviewed the record and affirmed the revocation order. This appeal followed.

Wetzel first argues that the hearing officer improperly found that collateral estoppel precluded him from challenging the disbarment proceedings. In the same vein, Wetzel alleges as error the hearing officer's reliance on the supreme court's findings to conclusively establish grounds for revocation of Wetzel's real estate broker's

license. These arguments are without merit.

■ The key in deciding the effect of the supreme court judgments in the Department proceedings is the doctrine of collateral estoppel or issue preclusion. Traditionally, collateral estoppel precludes the relitigation of a fact or issue previously determined in a prior suit between the same parties or their privies. *See Farmers Ins. Co. v. Vagnozzi,* 138 Ariz. 443, 675 P.2d 703 (1983); *Matusik v. Arizona Public Service Co.,* 141 Ariz. 1, 684 P.2d 882 (App.1984). Under the modern view, the same party (mutuality) requirement has been abandoned so that a party precluded from litigating an issue under the traditional rule, is also precluded from doing so with another, provided there was full and fair opportunity to litigate the issue in the first action. *Restatement (Second) of Judgments* § 29 (1982). This modern trend has been accepted by the courts in Arizona, but has been limited to the defensive use of the doctrine. *Standage Ventures, Inc. v. State of Arizona,* 114 Ariz. 480, 562 P.2d 360 (1977); *Food for Health Co., Inc. v. 3839 Joint Venture,* 129 Ariz. 103, 628 P.2d 986 (App.1981); *Spettigue v. Mahoney,* 8 Ariz.App. 281, 445 P.2d 557 (1968). Defensive use of the doctrine occurs when a party defending a claim asserts a previous judgment to which it was not a party to preclude litigation by an opponent who was a party to the prior determination. *Food for Health,* 129 Ariz. at 106–7, 628 P.2d at 364. In contrast, offensive use of collateral estoppel occurs when the party making a claim attempts to assert against its opponent findings made in a prior judgment to which it was not a party. *Id.*

■ It is undisputed that the Department invoked the suspension and disbarment judgments as a means to establish its claim that Wetzel had acted in violation of A.R.S. §§ 32–2153(A)(5), 32–2153(B)(4) and 32–2153(B)(5). The Department's use of the doctrine clearly then was an offensive one. We nevertheless think that the factual situation here calls for approval of the offensive use of the doctrine. And while we hesitate to depart from prior case law, for the reasons stated below we think that it should not control here.

The seminal Arizona opinion to reject the offensive use of collateral estoppel is *Spettigue v. Mahoney,* 8 Ariz.App. 281, 445 P.2d 557 (1968). In *Spettigue,* Division 2 of this court applied the rule of the *Restatement (First) of Judgments* § 93 in rejecting the offensive use of the doctrine. *Id.* at 283–84, 445 P.2d at 559–60. The *Spettigue* court also expressed concerns that the adoption of the doctrine would: (1) incline plaintiffs to avoid joinder, only to take advantage of a successful action without risk; and (2) be unfair to defendants in that the rules of evidence and statutory or judicial presumption might differ from one forum to another. *Id.* at 288, 445 P.2d at 564. Additional Arizona decisions to reject the offensive use of collateral estoppel rely on *Spettigue* and in turn on the *Restatement (First) of Judgments* § 93. *See, e.g., Standage Ventures,* 114 Ariz. at 484, 562 P.2d at 364; *Food for Health,* 129 Ariz. at 106–7, 628 P.2d at 989–90.

Subsequent to the rule announced in *Spettigue* and followed by its progeny, the *Restatement (Second) of Judgments* (1982) was adopted. Section 29 sanctions both the offensive and defensive use of collateral estoppel by parties not involved in the previous determination:

A party precluded from relitigating an issue with an opposing party ... is also precluded from doing so with another person unless the fact he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue.

*Restatement (Second) of Judgments* § 29 (1982).

The rationale for approving the offensive use of collateral estoppel is explained in the comment to section 29 as follows:

A party who has had a full and fair opportunity to litigate an issue has been accorded the elements of due process. In the absence of circumstances suggesting the appropriateness of allowing him

to relitigate the issue, there is no good reason for refusing to treat the issue as settled....

*Restatement (Second) of Judgments* § 29, comment b (1982).

We think that application of the rule of the *Restatement (Second) of Judgments* § 29 is appropriate under the circumstances here. To the extent that *Spettigue* was premised on the *Restatement (First) of Judgments*, the foundation of *Spettigue* has been eroded by the adoption of the *Restatement (Second) of Judgments*. Moreover, section 29 addresses the very concerns expressed by the *Spettigue* court; the restatement rule places several conditions on the use of collateral estoppel including, (1) whether the person proposing its use could have been joined in the previous case; (2) whether the procedures in the forum could change the previous determination if the case were to be fully relitigated; (3) whether the previous determination is inconsistent with another determination of the same issue; and (4) whether the previous determination was collusively obtained, or based on compromises. The restatement further provides that each of these factors must be weighed before giving preclusive effect to a prior determination. The most important factor, however, is whether the party against whom preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). *But see Ferris v. Hawkins,* 135 Ariz. 329, 660 P.2d 1256 (App. 1983) (doctrine of collateral estoppel is inapplicable where there exists some consideration overriding principles of fairness to a litigant).

Applying the rule of section 29 and the conditions found therein to this case, we approve the Department's offensive use of collateral estoppel. First, the commissioner could not have joined his disciplinary action with the disbarment proceedings against Wetzel. Second, Wetzel had every incentive to defend himself in the disbarment proceeding to preserve his right to practice law. Third, the procedural safeguards are comparable in both licensing proceedings. Fourth, the requirements of due process, such as notice of the charges and the rights to confront witnesses and present evidence, equally apply in both forums. In sum, we hold that the commissioner correctly gave preclusive effect to the disbarment orders.

Having resolved that the commissioner was entitled to rely on the supreme court findings, we now turn to address the second issue which is whether those findings constitute grounds for revocation of Wetzel's real estate license pursuant to A.R.S. §§ 32–2153(A)(5) and 32–2153(B)(4). We must affirm the agency's order as long as it is supported by substantial evidence. *Howard v. Nicholls,* 127 Ariz. 383, 621 P.2d 292 (App.1980).

Upon this record, we find substantial evidence in support of the agency's finding that Wetzel is not a person of honesty, truthfulness and good reputation within the meaning of A.R.S. § 32–2153(B)(4). Indeed, the findings of the supreme court in the disbarment proceedings indicate that Wetzel had acted dishonestly towards the court and maliciously towards other lawyers and clients. The findings of the supreme court also establish that Wetzel has been guilty of dishonest dealings in violation of A.R.S. § 32–2153(A)(5). We are not holding that disbarment of an attorney necessarily means that the attorney is unfit to hold a real estate license. On this record, however, Wetzel's conduct toward the court, lawyers and clients reveals dishonesty justifying the revocation of his real estate license.

For the foregoing reasons, the judgment of the trial court is affirmed.

BROOKS, J., and RICHARD M. DAVIS, J. Pro Tem., concur.

NOTE: RICHARD M. DAVIS was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const.Art. VI, § 3 and A.R.S. §§ 12–145–47.