21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ronald L. WARD, Debtor.
Richard HOVDESTAD, Plaintiff-Appellee,
v.
Ronald L. WARD, Defendant-Appellant.
 No. 92-16977.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1994.*
Decided April 14, 1994.
 
 1
 Before: REINHARDT, LEAVY, Circuit Judges, and McLAUGHLIN, District Judge.**
 
 
 2
 MEMORANDUM***
 
 I. INTRODUCTION
 
 3
 This case involves the question whether an Arizona state-court declaratory judgment is sufficient to establish that a $535,000 slander judgment is a debt for a "willful and malicious injury" within the meaning of Section 523(a)(6) of the United States Bankruptcy Code. 11 U.S.C. Sec. 523(a)(6) ("Section 523(a)(6)"). If so, the debt is not dischargeable. Id.[1] The district court below held that the declaratory judgment was sufficient to establish a "willful and malicious injury" and thus the debt was not dischargeable. We affirm.
 
 II. STATE PROCEEDINGS
 
 4
 On January 8, 1986, Debtor Ronald L. Ward ("Ward") called the Air Force Office of Special Investigations from a Tuscon saloon.[2] He told them that, as an enlisted man, Creditor Richard Hovdestad ("Hovdestad") had sold military secrets acquired aboard a United States Navy nuclear submarine. Ward's accusations were false, and he retracted them after being questioned by the FBI. Ward had made up the accusations because he blamed Hovdestadt for the recent break-up of his marriage and because he wanted to get Hovdestad's "butt chewed" by his employer.
 
 
 5
 Hovdestad sued Ward in Arizona state court for slander per se. He claimed that Ward's accusations resulted in harm to his career and lost earnings. After a three-week trial, the state trial court granted a directed verdict in Hovdestad's favor. The court found that "no reasonable jury could conclude other than a slander per se was committed by the defendant." The jury awarded him $535,000 in damages. The state appellate court later affirmed the judgment in all respects.
 
 
 6
 Ward unsuccessfully sought indemnification from his insurance company, State Farm Fire & Casualty Company ("State Farm"). State Farm argued it had no duty to indemnify Ward because his action was an "intentional act" that was excluded from coverage. In a state-court declaratory action (initiated by State Farm against both Ward and Hovdestad), the trial court agreed and granted summary judgment in State Farm's favor. The state appellate court affirmed, holding that Ward's actions were intentional and that he "sought to harm Hovdestad when he falsely accused him of dealing in military secrets with a foreign power."
 
 III. FEDERAL PROCEEDINGS
 
 7
 Ward declared bankruptcy and sought to have the slander judgment discharged. Hovdestad disagreed, arguing that the judgment was for a "willful and malicious injury" and thus was non-dischargeable under Section 523(a)(6). The Bankruptcy Court entered judgment in favor of Ward and discharged the debt. The court reasoned that because a slander judgment did not require a finding of intentional harm under Arizona law, Ward's act could not have been "willful and malicious" within the meaning of Section 523(a)(6). The court also reasoned that because the declaratory judgment was "considered only in the context of insurance coverage and policy exclusions," it could not be used to show "willful and malicious injury" within the meaning of Section 523(a)(6).
 
 
 8
 The District Court reversed. It held that, under the Arizona doctrine of collateral estoppel, the Bankruptcy Court was bound by the State Farm declaratory judgment. Because the declaratory judgment found that Ward had "sought to harm" Hovdestad, the District Court concluded that Ward's actions amounted to "willful and malicious injury" within the meaning of Section 523(a)(6). Accordingly, the court held that Hovdstad's slander judgment was non-dischargeable. Ward filed a timely appeal to this court.
 
 IV. ANALYSIS
 
 9
 Section 523(a)(6) of the Bankruptcy Code provides that all debts for "willful and malicious injury" to another entity are not dischargeable.[3] Under Ninth Circuit law, a creditor can establish "willful and malicious injury" by showing that the debtor acted with a "specific intent to injure." In re Cecchini, 780 F.2d 1440, 1443 (9th Cir.1986). We agree with the district court that the Arizona state-court declaratory judgment established that Ward acted with a "specific intent to injure" Hovdestad. We also conclude that the declaratory judgment is binding on the bankruptcy court under Arizona principles of collateral estoppel.
 
 
 10
 A. The Declaratory Judgment Established Ward's "Specific Intent to Injure."
 
 
 11
 Here, the State Farm declaratory judgment clearly established that Ward acted with a specific intent to injure Hovdestad. The Arizona Superior Court granted summary judgment in State Farm's favor on the theory that Ward's act of slander fell within the intentional acts exclusion clause of Ward's insurance policy.[4] Under Arizona law, for an act to fall under an intentional acts exclusion clause, "the insured must desire to harm the plaintiff." Transamerica Ins. Group v. Meere, 694 P.2d 181, 189 (Ariz.1984) (emphasis added and internal citation omitted). Accordingly, by granting State Farm's summary judgment motion, which was based exclusively on an intentional acts exclusion clause theory,[5] the superior court necessarily found that Ward "desire[d] to harm" Hovdestad--i.e., that Ward had a "specific intent to injure" him.
 
 
 12
 The Arizona Court of Appeals affirmed, concluding that "[c]learly, Ward sought to harm Hovdestad when he falsely accused him of dealing in military secrets with a foreign power." The court of appeals reitereated the principle that, under Arizona law, an act falls within an intentional acts exclusion clause only if it is "designed to inflict injury." In sum, the State Farm declaratory judgment--before the Superior Court and the Court of Appeals--clearly established that Ward acted with a "specific intent to injure" Hovdestad.[6]
 
 
 13
 B. The Declaratory Judgment Is Binding in This Case.
 
 
 14
 Notwithstanding the above, Ward argues that the district court erred in holding that the declaratory judgment is binding in federal bankruptcy proceedings under the general principles of collateral estoppel. We reject Ward's argument and affirm the district court's holding on this issue.
 
 
 15
 The United States Supreme Court has expressly held that the principles of collateral estoppel are applicable to Section 523(a) of the Bankruptcy Code. Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to Sec. 523(a)). Under Ninth Circuit law, in determining the collateral estoppel effect of a state court judgment on federal proceedings, we must apply the collateral estoppel rules of the state from which the judgment arose. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir.1987).
 
 
 16
 Here, the declaratory judgment arose from Arizona. Under Arizona law, collateral estoppel is available whenever (i) the issue was "actually litigated in a previous suit," (ii) a final judgment was entered, (iii) the party against whom the doctrine is to be invoked had a "full opportunity to litigate the matter and actually did litigate it," and (iv) the issue was "essential to the prior judgment." Chaney Bldg. Co. v. City of Tuscon, 716 P.2d 28, 30 (Ariz.1986).
 
 
 17
 The declaratory judgment satisfies all four requirements for collateral estoppel. The contested issue is whether Ward acted with a "specific intent to injure" Hovdestad. First, that issue was actually litigated in the State Farm action, which preceded the bankruptcy proceedings. As mentioned earlier, the central issue in that action is whether the insured "desire[d] to harm" the original plaintiff. Second, a final judgment was entered in the State Farm action. Third, the party against whom the doctrine is to be invoked--Ward--had a full opportunity to litigate the matter and actually did litigate it. Ward not only litigated the issue fully before superior court,[7] but he also litigated the issue fully before the court of appeals. Fourth, the issue was essential to the State Farm judgment. The Superior Court and Court of Appeals based their judgments on the intentional acts exclusion clause issue and thus necessarily relied on the fact that Ward had intended to harm Hovdestad. Accordingly, the Arizona rules of collateral estoppel are satisfied, and the declaratory judgment is binding in federal court.[8]
 
 V. CONCLUSION
 
 18
 The state-court declaratory judgment determined that Ward had a "specific intent to injure" Hovdestad. Under Arizona rules of collateral estoppel, that judgment is binding on the federal bankruptcy proceedings. Accordingly, the slander judgment is a "willful and malicious injury" within the meaning of Section 523(a)(6), and it is not dischargeable. The judgment of the district court is therefore
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A dischargeable debt gives the debtor a "fresh start" by excusing payment on that debt. See Howard A. Patrick & Michael L. Meyer, An Overview of the Bankruptcy Reform Act of 1978, 1 B.R. 1, 30 (1980)
 
 
 [2]
 Ward was drunk when he made the call
 
 
 [3]
 Section 523(a)(6) provides:
 (a) A discharge under ... this title does not discharge an individual debtor from any debt--
 (6) for willful and malicious injury by the debtor to another entity of to the property of another entity.
 Id.
 
 
 [4]
 The exclusion clause states:
 We will not provide coverage:
 * * *
 
 
 [2]
 if you intended to cause the personal injury or property damage. We will not apply this exclusion if:
 a. you were acting in good faith to protect people or property; and
 b. your actions were not fraudulent, criminal, or malicious.
 State Farm Umbrella Policy, at 4.
 
 
 [5]
 See State Farm Motion for Summary Judgment, at 3 (Aug. 19, 1988) (arguing that Ward is not entitled to coverage because "the terms of the policies exclude coverage for an intentional act")
 
 
 [6]
 Of course, in some cases, "willful and malicious injury" may be established without showing a specific intent to injure. Such a showing is sufficient but not necessary. See Cecchini, 780 F.2d at 1443 ("When a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure.")
 
 
 [7]
 In Arizona, collateral estoppel applies even when the previous lawsuit was determined by way of summary judgment. Dowell v. Ross, 657 P.2d 410 (Ariz.1982)
 
 
 [8]
 Ward also argues that the declaratory judgment is not binding because Arizona has not accepted the use of nonmutual offensive collateral estoppel. He contends that a litigant who was not a party to the prior suit--here, Hovdestad--may not use collateral estoppel to bind a litigant who was a party to that suit--here, Ward
 We reject Ward's argument. First, Hovdestad was a party to the prior State Farm action. See Complaint, State Farm Fire & Cas. Co. v. Hovdestad et al., No. 244059 (Ariz.Super.Ct. filed July 29, 1987). The fact that Ward and Hovedstad were not formally adversaries is irrelevant; the underlying issue pertained to Hovdestad's original slander suit against Ward. See, e.g., Ocean Accident & Guarantee Corp. v. United States Fidelity & Guaranty Co., 162 P.2d 609, 613 (Ariz.1945) ("Nor does it matter that the parties in the former controversy were not in form placed in adversary positions."). Accordingly, this case does not involve nonmutual collateral estoppel in any way.
 Even if we concluded that Hovdestad was not a party to the prior action, however, Ward's argument fails because the Arizona courts have recently accepted the use of nonmutual offensive collateral estoppel as long as the party against whom preclusion is sought had a "full and fair opportunity to litigate the issue in the prior proceedings." See, e.g., Wetzel v. Arizona State Real Estate Dep't, 727 P.2d 825, 828-29 (Ariz.Ct.App.1986), cert. denied, 482 U.S. 914 (1987); Chaney, 716 P.2d at 30 (adopting the Restatement (Second) of Judgments, which allows the use of nonmutual offensive collateral estoppel). As noted above, Ward did have such a "full and fair" opportunity.