**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | No. 11-16270 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. CV-09-01077-PHX-ROS |
| v. | MEMORANDUM[*] |
| CARA CLANCY, wife, Trustee of the Palmieri Trust, trustee of the PC Family Trust; JON PALMIERI, husband, Trustee of the Palmieri Trust, trustee of the PC Family Trust, | |
| Defendants-counter-claimants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued & Submitted December 3, 2012
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CUDAHY,[**] TROTT, and RAWLINSON, Circuit Judges.

Clara Clancy and Jon Palmieri build and sell homes. Clancy was a licensed general contractor, and was responsible for building the Phoenix, Arizona home at issue in the underlying suit. Clancy lived in the home until it was sold. During that time, Clancy and Palmieri became aware of several significant defects with the home, including a leaky roof, "breached" windows and the presence of mold. Despite their knowledge of these and other problems, Clancy and Palmieri concealed these problems when they sold the house to Barry and Kristine Shapiro. The Shapiros sued in Arizona and a bench trial was held in Maricopa County Superior Court. The trial court issued findings of fact and conclusions of law adverse to the defendants. However, the parties settled before a final judgment was announced.

American Family Mutual is the insurer for Clancy and Palmieri. American Family filed for declaratory relief alleging that its insurance policies do not provide coverage for the claims alleged in the Shapiro suit. It argued that the trial court's findings of fact collaterally estopped Clancy and Palmieri from re-litigating this issue. The district court agreed. Clancy and Palmieri appeal.

_____

[**] The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

2

There is no merit to the argument that American Family's conduct during the underlying trial provided preclusion of policy defenses. The district court correctly concluded there was no *Parsons* violation. However, the district court erred in holding that collateral estoppel prevents Clancy and Palmieri from rearguing the application of exclusionary provisions in their liability coverage from American Family.

I.

The district court properly concluded that there was no *Parsons* violation at issue. *Parsons* involved an insurance company that hired an attorney to represent the insured in an action for liability for assaulting a neighbor. *Parsons v. Cont'l Nat'l Am. Group*, 550 P.2d 94 (Ariz. 1976). The basis for the *Parsons* holding, was that the attorney, in representing both sides and using privileged information in doing so, had breached his duty of loyalty. *Id.* at 98.

*Parsons* is inapposite to the facts here. Steve Beeghley, Clancy and Palmieri's counsel, was only retained by American Family shortly before trial, when American Family learned of the suit. Clancy and Palmieri allege that the information known to their counsel with respect to the underlying case, Cuevas, an employee of American Family, was wrongly used as the basis for American Family's refusal to indemnify Clancy and Palmieri. But, the information shared

3

between Beeghley and Cuevas was information typically shared between an insured's attorney and the insurance company. It was not confidential information. Beeghley himself testified that there was nothing exceptional about the information exchanged between himself and Cuevas. He further testified that the only interest he had in coverage was his hope that American Family would pay for some of the damages assessed against his clients.

II.

An offensive use of collateral estoppel "occurs when the party making a claim attempts to assert against its opponent findings made in a prior judgment to which it was not a party." *Wetzel v. Ariz. State Real Estate Dep't*, 727 P.2d 825, 828 (Ariz. Ct. App. 1986). Collateral estoppel applies when (1) the issue is actually litigated in the previous proceeding; (2) there is a full and fair opportunity to litigate the issue; (3) resolution of such issue is essential to the decision; (4) there is a final and valid decision on the merits; and (5) there is a common identity of the parties. *Hawkins v. State, Dep't of Econ. Sec.*, 900 P.2d 1236, 1239 (Ariz. Ct. App. 1995).

The primary dispute between the parties lies with factors four and five. The parties also dispute whether or not offensive collateral estoppel is even available in Arizona.

Clancy and Palmieri contend that *Standage Ventures, Inc. v. State*, 562 P.2d 360 (Ariz. 1977), is the final word on offensive collateral estoppel, prohibiting its use. While this is correct, American Family points out that subsequent state case law seems to support the use of the doctrine. In *Wetzel v. Arizona State Real Estate Department*, 727 P.2d 825 (Ariz. Ct. App. 1986), the court recognized that it was departing from case law, but noted that the basis for the rule against offensive collateral estoppel was the Restatement (First) of Judgments, which had been "eroded by the adoption of the *Restatement (Second) of Judgments*." *Id.* at 829. Ultimately, we believe the law concerning offensive collateral estoppel in Arizona is unsettled. This Court, in *Davis v. Metro Productions, Inc.* recognized that there may be a shift in Arizona courts from the First Restatement view to the Second, thereby allowing the use of offensive collateral estoppel, but that that transition was incomplete. 885 F.2d 515, 519 (9th Cir. 1989). This Court is hesitant to conclude that Arizona courts approve of offensive collateral estoppel.

In any event, the findings of the trial court are not sufficiently final to allow for collateral estoppel. Clancy and Palmieri emphasize that the findings of fact and

conclusions of law reached during the underlying hearing were not reduced to a final judgment. The case that Clancy and Palmieri rely upon, *Campbell v. SZL Properties, Ltd.*, 62 P.3d 966 (Ariz. Ct. App. 2003), is illuminating. The court in *Campbell* stated that for the purpose of collateral estoppel, a final judgment includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* at 969 (internal quotation marks omitted). In this case, the trial court judge could have altered his findings as they were not set down in a final judgment. Accordingly these findings cannot be considered sufficiently firm for the purposes of estoppel.

**AFFIRMED IN PART AND REVERSED IN PART.** Each party shall bear their own costs on appeal.


***American Family Mutual v. Clancy*, Case No. 11-16270
Rawlinson, Circuit Judge, concurring:**

I concur in the result.