IN THE
 
 Supreme Court of the State of Arizona
 
 Graeme Hancock,
 Petitioner,
 
 v.
 
 Hon. William J. O'Neil, Presiding Disciplinary Judge,
 Respondent Judge,
 
 State Bar of Arizona,
 Real Party in Interest.
 
 No. CV-21-0145-SA
 Filed August 29, 2022
 
 Special Action from the Office of the Presiding Disciplinary Judge
 No. PDJ2019-9040
 JURISDICTION ACCEPTED, RELIEF GRANTED

COUNSEL:

Dominic E. Draye (argued), Andrew F. Halaby, William E. Eye, Greenberg Traurig, LLP, Phoenix, Attorneys for Graeme Hancock

David L. Sandweiss, Senior Bar Counsel (argued), Kelly J. Flood, David E. Wood, State Bar of Arizona, Phoenix, Attorneys for State Bar of Arizona

J. Scott Rhodes, In Propria Persona, Phoenix, Attorney for Amicus Curiae J. Scott Rhodes
 

CHIEF JUSTICE BRUTINEL authored the Opinion of the Court, in which VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, BEENE, MONTGOMERY, and PELANDER (Retired) joined.*

 

CHIEF JUSTICE BRUTINEL, Opinion of the Court:

 In this special action, we are asked to decide whether offensive issue preclusion applies in attorney disciplinary proceedings. The Arizona Rules of the Supreme Court governing attorney discipline give preclusive effect to two types of prior judgments in attorney disciplinary matters: (1) criminal convictions, Rule 54(g), and (2) attorney discipline imposed in other jurisdictions, Rule 54(h). Because our rules dictate when a prior judgment may have preclusive effect in attorney disciplinary proceedings, we hold that offensive issue preclusion does not apply. Therefore, a sanctions order in a prior lawsuit does not have preclusive effect in an attorney disciplinary proceeding.
 BACKGROUND
 This case arises from one of many lawsuits concerning Goodyear's G159 tire. The plaintiffs in the underlying action, the Haegers, suffered serious injuries when the front tires to their motor home failed. The Haegers sued Goodyear in state court, and Goodyear subsequently removed the case to federal district court.
 Goodyear appointed Basil Musnuff, an Ohio lawyer, as "national coordinating counsel" on all G159 cases across the country to oversee discovery requests, coordinate the search for documents, and draft responses. Goodyear hired Arizona attorney Graeme Hancock as local counsel.
 During discovery, the Haegers requested test records for the G159, but Goodyear, through its counsel, repeatedly denied the existence of such tests and otherwise refused to produce them. The Haegers and Goodyear settled on the first day of trial after extensive pre-trial litigation.
 Almost a year after the Haeger settlement, a newspaper article reporting on another G159 case mentioned testing data, the same data Goodyear and its counsel denied existed. The Haegers filed a motion for sanctions alleging discovery fraud. Following sanctions proceedings, the district court issued a lengthy sanctions order against Goodyear, Musnuff, and Hancock, detailing each party's involvement in defrauding the court.
 Subsequently, the State Bar of Arizona (the "Bar") initiated an investigation into Hancock's conduct. Upon completing the investigation, the Bar recommended an Order of Probable Cause to the Attorney Discipline Probable Cause Committee. The committee found probable cause, and the Bar filed a formal complaint against Hancock. See Ariz. R. Sup. Ct. 47 (outlining attorney discipline procedural matters).
 At the disciplinary proceeding, the Presiding Disciplinary Judge ("PDJ") granted the Bar's motion for partial summary judgment, applying offensive non-mutual issue preclusion to prevent Hancock from relitigating the district court's fact findings.
 Hancock filed a petition for special action in this Court challenging the applicability of issue preclusion in Bar disciplinary proceedings. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.
 DISCUSSION
 "Application of issue preclusion is an issue of law, which we review de novo." Picaso v. Tucson Unified Sch. Dist., 217 Ariz. 178, 180 ¶ 6 (2007).
 A.
 Issue preclusion is a judicial doctrine that, when applicable, prevents a party from relitigating an issue of fact decided in a prior judgment. Crosby-Garbotz v. Fell ex. rel. Cnty. of Pima, 246 Ariz. 54, 55 ¶ 1 (2019). Offensive issue preclusion occurs when the party invoking the doctrine uses it as a sword against another party who lost on the issue in a prior judgment. See id. at 60 ¶ 26. Our Court, as well as the United States Supreme Court, has noted that offensive issue preclusion is "a situation that . . . present[s] different considerations" beyond the four elements state and federal law require for defensive issue preclusion. Id.; see Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329‍ - ‍31 (1979).
 The law of the jurisdiction of the court from which the underlying initial judgment issues determines whether that judgment has preclusive effect. In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source, 212 Ariz. 64, 69 ¶ 13 (2006). But in federal diversity cases, such as the Haeger case, federal law incorporates "the law that would be applied by state courts in the State in which the federal diversity court sits." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). As a result, Arizona law governs the preclusive effect of a judgment from a District of Arizona federal court sitting in diversity. And this Court is the ultimate authority on Arizona law, to which the federal courts must defer. See Erie R. Co. v. Tompkins, 304 U.S. 64, 79 (1938). Thus, it is our duty to decide whether Arizona law would give effect to such a judgment.
 This Court is not only the ultimate authority on Arizona law, but also "the ultimate body wielding the State's power over the practice of law." Bates v. State Bar of Ariz., 433 U.S. 350, 360 (1977); see also Ariz. Const. art. 6, § 3 (entrusting this Court with administrative supervision over state courts); Scheehle v. Justices of the Sup. Ct. of the State of Ariz., 211 Ariz. 282, 290 ¶ 31 (2005) (concluding that article 6, section 3 provides for this Court's "constitutional power over attorneys as officers of the court"). We are therefore not required to give preclusive effect to any prior judgment in an attorney disciplinary matter, other than that which is already provided under our rules or caselaw. Thus, in the exercise of our regulatory authority over the practice of law in this state, we hold as a matter of Arizona law that the doctrine of offensive issue preclusion does not apply to attorney disciplinary proceedings. Instead, our rules determine the preclusive effect of prior judgments in attorney disciplinary proceedings.
 B.
 The Arizona Supreme Court Rules governing attorney disciplinary matters do not explicitly reference issue preclusion. But the rules do enumerate grounds for discipline, and two grounds arise from prior judgments: (1) discipline for the conviction of a crime, Rule 54(g), and (2) discipline imposed by other jurisdictions, Rule 54(h). The practical effect of these subsections is that, if an attorney is convicted of a crime or disciplined by another jurisdiction, the attorney is precluded from relitigating whether he or she committed the underlying crime or ethical violation, subject to the provisions of Rule 57(b) in the context of discipline by another jurisdiction.
 Although the practical effect of these subsections is effectively issue preclusion, Rules 54(g) and 54(h) do not apply the doctrine of issue preclusion. Rather, the rules prescribe the procedure. If an attorney is convicted of a crime or disciplined in another jurisdiction, then the attorney may be disciplined. The rules provide further instruction for recognizing and imposing discipline ordered in another jurisdiction:
 [T]he presiding disciplinary judge shall impose the identical or substantially similar discipline, unless bar counsel or respondent establishes by a preponderance of the evidence, through affidavits or documentary evidence, or as a matter of law by reference to applicable legal authority, or the presiding disciplinary judge finds on the face of the record from which the discipline is predicated, it clearly appears that:
 A. the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 B. there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the presiding disciplinary judge could not, consistent with its duty, accept as final the other jurisdiction's conclusion on that subject; or
 C. the imposition of the same discipline would result in grave injustice; or
 D. the misconduct established warrants substantially different discipline in this state.
Ariz. R. Sup. Ct. 57(b)(3). Thus, when a United States District Court avails itself of the federal attorney disciplinary process, see D. Ariz. LRCiv 83.2, we will recognize and impose its decision so long as the attorney has the opportunity to explain why he or she should not be bound by the federal court's disciplinary order. But the judgment here was not an exercise of disciplinary authority by the district court; this is an order for sanctions in a civil case.
 Under the interpretive canon expressio unius est exclusio alterius, "the expression of one item implies the exclusion of others." City of Surprise v. Ariz. Corp. Comm'n, 246 Ariz. 206, 211 ¶ 13 (2019). Our rules provide only two instances in which a prior judgment would effectively prevent an attorney from relitigating the underlying facts in a disciplinary hearing. Therefore, under our rules, the doctrine of issue preclusion is not applicable to attorney disciplinary hearings in Arizona; rather, our rules define when a prior judgment has preclusive effect.
 Our caselaw's requirement for independent fact finding in attorney disciplinary proceedings supports this conclusion. In re Levine, 174 Ariz. 146, 150 (1993) ("In reviewing disciplinary proceedings[,] . . . [this Court is] an independent trier of both fact and law . . . ."); In re Wolfram, 174 Ariz. 49, 52 (1993) ("In disciplinary proceedings, this [C]ourt acts as an independent trier of fact and law in the exercise of our supervisory responsibility over the State Bar."). Giving a prior judgment preclusive effect, other than as provided by our rules, abrogates this Court's authority and duty to act as an independent trier of fact.
 Moreover, if the Bar relied on a state court sanctions order to discipline Hancock, such an order would not have preclusive effect under our rules because it is neither a criminal conviction nor discipline from another jurisdiction. It is incongruous to apply offensive issue preclusion to a federal court order where we would not apply it to an identical state court order, especially in a matter where state law applies.
 The Bar nonetheless contends that rejecting issue preclusion here breaks from Arizona courts' treatment of issue preclusion in disciplinary proceedings of other regulated professions, positing that today's holding "exempt[s] lawyers from a rule that applies to everyone else." The Bar warns that this will "create a public perception that lawyers form a clubby group of elitists who rig laws in our self-interest, knowing we can count on friendly courts for shelter."
 But any differential treatment of lawyers, if it exists, comes from our constitutional authority under article 6, section 3 of the Arizona Constitution. We have administrative supervision over the courts, id., and lawyers are officers of the court, Scheehle, 211 Ariz. at 290 ¶ 31. Under this authority, we have crafted rules governing the attorney disciplinary process‍ -- ‍rules that, of course, are inapplicable to other professions. The rules governing disciplinary matters are the result of a carefully crafted rulemaking process. This process benefits greatly from public input and can readily be modified when appropriate.
 Furthermore, nothing in our decision today precludes the Bar from pursuing its prosecution and using the sanctions proceeding in the district court as evidence. The inapplicability of the issue preclusion doctrine in attorney disciplinary matters does not render collateral proceedings irrelevant to the resolution of disciplinary proceedings. A PDJ is not bound by the rules of evidence and "may conduct the hearing in any manner that will achieve substantial justice." Ariz. R. Sup. Ct. 61(c)(2)(B). Although the Bar cannot prevent an attorney from relitigating issues determined in a sanctions order, a PDJ is permitted to admit transcripts and other evidence of collateral proceedings and credit the persuasiveness of such evidence, so long as the PDJ affords an attorney the opportunity to contest such evidence and introduce additional evidence as appropriate.
 Moreover, we reject the Bar's assertion that our holding exempts lawyers from a rule that applies to everyone else. The Bar cites two cases involving the use of issue preclusion in disciplinary proceedings for other regulated professions to support this argument: In re Marquardt, 161 Ariz. 206 (1989), and Wetzel v. Ariz. State Real Est. Dep't, 151 Ariz. 330 (App. 1986). Both cases are inapposite.
 In Marquardt, an Arizona superior court judge was convicted in a Texas state court of possessing marijuana. 161 Ariz. at 207. In a subsequent judicial misconduct case, this Court ruled that the judge was bound by the criminal conviction and was precluded from arguing that he did not intend or know that he was in possession of the drug. Id. at 213. Judicial disciplinary proceedings are different from attorney disciplinary proceedings and are subject to different rules. See Ariz. Const. art. 6.1, §§ 1‍ - ‍3 (establishing a judicial conduct commission and prescribing parameters for suspension or disqualification of state judges); Ariz. Comm'n on Jud. Conduct R. 20‍ - ‍34. Nevertheless, if attorney disciplinary rules governed, this Court would still have given the criminal conviction preclusive effect because Rule 54(g) allows for the use of a criminal conviction as a basis for attorney discipline. See Ariz. R. Sup. Ct. 54(g). Thus, Marquardt's criminal conviction would have had the same preclusive effect under our rules if he was facing attorney discipline rather than judicial misconduct charges.
 Wetzel involved a real estate broker who was also a recently disbarred lawyer. 151 Ariz. at 332. The Arizona State Department of Real Estate (the "Department") revoked the broker's real estate license based solely on this Court's disbarment orders. Id. After exhausting his administrative remedies, the broker challenged the Department's use of offensive non-mutual issue preclusion in court. Id. The court of appeals affirmed. Id. at 333 - 34.
 The hearing officer gave the disbarment orders preclusive effect pursuant to Department rules. Id. at 332. This is markedly different from the PDJ here who felt obliged to apply issue preclusion under federal law. Other administrative agencies are free to adopt procedural rules or apply judicial doctrines in their discretion; here the issue is the PDJ's application of our rules for attorney disciplinary proceedings.
 Unlike Marquardt and the case at hand, Wetzel involved an administrative proceeding in a profession over which we have no regulatory authority. Here, we are vested with authority over attorney disciplinary proceedings. Ariz. Const. art. 6, § 3; Scheehle, 211 Ariz. at 290 ¶ 31. And our rules speak on the matter. We hold that under our rules, issue preclusion is not applicable in attorney disciplinary proceedings; only criminal convictions and disciplinary orders from other jurisdictions may be given preclusive effect.
 CONCLUSION
 We accept jurisdiction and grant relief, vacating the PDJ's order and remanding for further proceedings.